## POLLARD v. FIDELITY FIRE INS. CO.

1.  Where the Christian name or names by which a party is presently known are different from those given him at his baptism, or by which he was formerly known, it is a question of fact whether such new name is a "fictitious or assumed name."

2. Consequently, whether evidence of a general usage of insurance companies to cancel policies obtained under "fictitious or assumed names" as soon as such fact is known to them is admissible or not depends in each case upon whether the evidence would support a finding that such new name was a "fictitious or assumed name."

3. And so in a case being tried before a referee, who determines both law and fact, evidence of such usage being offered and objected to, the referee may properly reject the same, on the ground that the evidence does not sufficiently show that such new name is a "fictitious or assumed name."

(Syllabus by the court. Argued April 5, 1890. Opinion filed Feb. 11, 1891.)

Appeal from district court, Minnehaha county. Hon. Frank R. Aikens, Judge.

Action upon certain policies of fire insurance. Judgment for plaintiff. Defendant appeals. Affirmed.

The material facts are fully stated in the opinion.

*McMartin & Carland,* for appellant.

The agreements in the policies sued upon "That any omission to make known every fact material to the risk or any misrepresentation whatever should render the policies void," should be construed and enforced as other private contracts. Pindar v. Ins. Co. 47 N. Y. 119; Lee v. Ins. Co. 3 Gray 592.

The failure of the plaintiff to state his true name was an omission to state a fact material to the risk and avoids the policies. §§ 4097, 4123, Comp. Laws; 1 Wood on Fire Ins. 697; Carpenter v. Ins. Co. 16 Pet. 495; Lucena v. Crawford, 2 Bos. and Pul. 300; Saddler's Co. v. Cadcodo, 2 Atkins 554; Wilson v. Hill, 3 Met. 66; Lane v. Ins. Co. 12 Me. 45; May on Ins., p. 7-8; Boggs v. Ins. Co. 30 Mo. 63; Ins. Co. v. Lawrence, 2 Pet. 25.

Whether a fact concealed or misrepresented is material or not is a question of fact. Ins. Co. v. Ruden, 6 Cranch 338; Ins. Co. v. Woodruff, 26 N. J. 541; Ins. Co. v. Coates, 14 Md. 285. A denial of appellant's offer to prove this materiality was error.

*Boyce & Boyce,* for respondent.

The fact that the plaintiff was insured under the name of M. E. Pollard, while his baptismal name was in truth Franklin

H. Pollard, was not a fact material to the risk. Bell v. Sun Ass'n 3 Abb. N. C. 157; Jewett v. Whalen, 11 Wis. 124; Mastaer v. Hertz, 3 M. & S. 450; Doe v. Yates, 5 Barn. and Ald. 298. The applications for insurance upon which the policies issued and which were prepared by the insurance company's agent, contained no inquiry as to the name of the insured nor any inquiry that would indicate the materiality of his baptismal name. A failure to state it was therefore not a concealment or misrepresentation that would avoid the policies. Rawls v. Ins. Co. 27 N. Y. 282; May on Ins., p. 211; Campbell v. Ins. Co. 73 Wis. 100; 1 Wood Fire Ins. 409; Washington Mills Co. v. Weymouth Ins. Co. 135 Mass. 503; Fowler v. Ins. Co. 122 Mass. 191; Hall v. Ins. Co., 6 Gray 185; Ins. Co. v. Paul, 91 Pa. St. 520; Carson v. Ins. Co., 43 N. J. L. 300; Rowley v. Ins. Co., 36 N. Y. 553; Boon v. Ins. Co., 40 Conn. 586; Wakefield v. Ins. Co., 50 Wis. 540; Mallory v. Ins Co., 47 N. Y. 52; Rife v. Ins. Co., 4 Cent. Rep. 688; Ins. Co. v. Miller, 13 Cent. Rep. 60; Iron Co. v. Ins. Co., 46 Wis. 32.

A witness called as an expert cannot be interrogated upon a hypothetical case unless such case is supported by the evidence. The testimony offered by appellant to show the materiality of the alleged concealment was properly excluded. Railroad v. Kellogg, 94 U. S. 469; Ins. Co. v. Harmer, 2 O. St. 452;; Ins. Co. v. Cotheal, 7 Wend. 72; Association v. Hall, 6 West. Rep. 76; Ins. Co. v. Haney, 10 Kan. 525.

KELLAM, J. This is an action upon four separate policies of insurance issued to the plaintiff, two of which were issued by the defendant, and two by the Dakota Mutual Insurance Company, which were reissued by the defendant, upon a stock of goods of the plaintiff in the city of Dell Rapids in this state, destroyed by fire. The case was tried by a referee, who found the facts and law in favor of the plaintiff. The findings of the referee and his conclusions of law were confirmed by the court, and judgment was thereupon rendered in favor of the plaintiff, and from this judgment the defendant appeals to this court.

The complaint is in the usual form. The answer, after certain denials, alleges, in substance, that at the time of pro-

curing each and all of the policies sued on in this action and ever since, on or about April, 1885, the plaintiff was doing business at the city of Dell Rapids, in Dakota, under the fictitious and assumed name of M. E. Pollard, and that his true name is Frank H. Pollard; that his true name was not known to defendant, nor to any of its agents or officers, at the time said policies were issued. nor at the time of the alleged loss; that, had the defendant known or ascertained at any time that said plaintiff was so as aforesaid doing business under a fictitious or assumed name, the said insurance companies, and each of them, would have canceled all policies issued by them to plaintiff; and defendant alleges that by the custom and usage of insurance companies policies so issued are canceled. Each of the policies contained, among others, the following stipulation: "That any omission to make known every fact material to the risk or any misrepresentation whatever shall render the policy void." On the trial before the referee the plaintiff was called as a witness in his own behalf, and, in regard to his name, testified as follows, in substance: That his baptismal name was Franklin Martin Emmett Pollard, but that since he came to Dakota in the spring of 1885, he had done business in the name of and been known only as M. E. Pollard; that he assumed the name of Martin Emmett Pollard when he came to Dakota; that he purchased the insured goods in that name, and that they were shipped to him in that name, and that all of his business in Dakota had been transacted in that name, and that he had never been known in this state by any other name. This evidence was undisputed. Counsel for plaintiff admitted, and it was so entered by the referee, that the name given plaintiff at his birth was Frank H. Pollard. The defendant called one Mr. Fisk, who, after qualifying himself as an expert, was asked by defendant's counsel the following question: "Now, Mr. Fisk, as an insurance man, what is the custom, if any, relative to the using of a fictitious name in insurance, or doing business in a wife's name, as to the effect upon the risk, if any?" Plaintiff's counsel objected to the question as incompetent, irrelevant, and immaterial, and also that the case supposed by counsel is not

supported by the evidence. The referee sustained the objection, to which defendant excepted. Defendant's counsel then "offered to prove by the witness Stanley W. Fisk, and other witnesses, that the usage and custom of insurance companies in the United States is that when policies of insurance are issued to persons under a fictitious or assumed name, immediately upon discovery of that fact,—of fictitious or assumed name,—they immediately and peremptorily cancel the policies of insurance issued to the person under that name; and defendant's counsel also offered to prove by the same witnesses that if the officers and agents of the defendant had knowledge of this fact, or that if it had come to them before the loss, or at any time during the life of the policy, they would have canceled these policies." To which offer plaintiff's counsel objected. Objection sustained, and defendant duly excepted. And this is the alleged error which appellant complains of.

We have nowhere found a legal definition of what constitutes a "fictitious or assumed name." We apprehend that not every change in one or more of a person's Christian names, either in the spelling, the arrangement, or even substituting one Christian name for another, makes the new name a "fictitious or assumed name, but that the fact must depend upon the substance and circumstances of the change, how long the new name has been used, and possibly the purpose of the change, and that, in general, whether the new name is really a fictitious or assumed name, is a question of fact. The referee was trying this case both as court and jury, and, when, the offer was made, it was his duty, first to determine the question of fact, whether plaintiff was, under the evidence, using a fictitious or assumed name. If he decided that he was, then we are inclined to think the offer should have been entertained, and the testimony received; but if, considering all the evidence on this question, he was of the opinion that it would not support a finding that plaintiff was using a fictitious or assumed name, then he was right in excluding the evidence, for the effect of finding that such new name was not fictitious or assumed would be to make such testimony irrelevant. If he had received such evidence

as to the usage of insurance companies in case it became known to them that insurance contracts had been made with them under fictitious or assumed names, its effect must still have depended upon whether this was such a case or not; and, if he found as a fact that this was not such a case,—that plaintiff did not make the contract under a fictitious or assumed name,—then the usage, if proved, would not have applied to or affected this case, and he must have disregarded the testimony. And it could have made no difference with defendant whether he admitted the testimony in passing, but subsequently rendered it inadmissible and irrelevant by his finding upon the question of fact, or whether he passed upon such fact at the time, and excluded the evidence in consequence of such finding. As the rule is general that in an appellate court every reasonable intendment and presumption of which the case as presented admits will be made to sustain the action of the court below, we must conclude that such was the theory upon which the offer and testimony were rejected. Myers v. Mitchell, 1 S. D. 249, 46 N. W. Rep. 245. As we should feel unwilling to say that such conclusion by the referee upon the question of fact was not justified by the evidence, we must hold that it was not error to exclude the evidence offered. The judgment of the district court is affirmed. All the judges concurring.