MOODY v. LAMBERT, County Treasurer, *et al.*

1. Defects in the form of the note of issue required by Rev. Code Civ. Proc.
   § 246, furnish no ground for striking from the calendar a cause that has
   been correctly entered thereon.
2. An order opening a default for failure to answer, and further ordering
   that the answer filed with the motion papers on a previous date stands
   as duly served on said date, operates, in the absence of a showing of
   prejudice or exception to the order, to make the service of the answer
   effective as of the date on which it was made.
3. Defendant, on serving notice of trial, and furnishing a note of issue after
   issue joined, and within the time limited by Rev. Code Civ. Proc. § 246,
   is entitled to a trial of the case when reached on the calendar, or to a
   dismissal of the complaint.

(Opinion filed December 7, 1904.)

Appeal from circuit court, Potter county; Hon. LORING E.
GAFFY, Judge.

Action by L. W. Moody against J. L. Lambert, as county
treasurer of Potter county, and another. From a judgment
dismissing the action for want of prosecution, plaintiff appeals.
Affirmed.

*A. L. Ellis, A. Gunderson,* and *Murtha & O'Keeffe,* for appellant.

*Robert B. Fisk,* for respondent.

FULLER, J.   Pursuant to notice given in open court at the
commencement of a trial term convening on the 21st day of
October, 1902, counsel for plaintiff moved to strike this cause
from the calendar for reasons stated in substance as follows:
That the defendants' notice of trial was served before issue
was joined, and too late to entitle the cause to be placed upon
such calendar; that the note of issue furnished the clerk "no-

where states what the issue is that is to be tried;'' and that the same is vitally defective in certain other particulars therein specified, but which need not be mentioned here, because the case was entered upon the calendar for trial in proper order, and plaintiff was in no manner prejudiced by the failure of the note of issue to conform to the requirments of the statute. Such paper being merely for the guidance of the clerk, defects as to its form furnish no ground for striking from the calendar a cause that has been correctly entered thereon.  Section 246, Rev. Code Civ. Proc.; Kennedy v. Kennedy, 18 N. J. Law 51.

After overruling the foregoing motion, the court directed counsel for the plaintiff to proceed to trial, and they refused to do so on the sole ground that "no note of issue or notice of trial has been served or filed." Thereupon counsel for the defendants, who was ready to try the case, and alone had noticed the same for trial and furnished the note of issue, moved to dismiss the action for want of prosecution; and the sole contention of plaintiff, who appeals from a judgment accordingly entered, is that the case should have been stricken from the calendar for reasons mentioned in the motion presented by his counsel.

According to the uncontroverted record, issue was joined by the answer of defendant Fisk, served on counsel for plaintiff May 3, 1902; but Mr. Lambert, a nominal defendant, as county treasurer, suffered judgment by default to be entered against him, but relief therefrom was obtained by an order which, omitting the caption, is as follows: "This cause coming on to be heard upon the application of the defendant, J. L. Lambert, as the treasurer of Potter county, South Dakota, to be relieved of his default herein, and on his motion to be al-

lowed to answer herein, under the affidavits of said J. L. Lambert and of Robt. B Fisk, his attorney, thereto attached, and herein on September 3, 1902, duly and regularly served upon A. L. Ellis, attorney for said plaintiff, and said A. L. Ellis, attorney for said plaintiff, and Robt. B. Fisk, attorney for said J. L. Lambert, being now in open court at Onida, South Dakota, and the court being sufficiently advised in the matter, it is, on the motion of Robt. B. Fisk, attorney for said J. L. Lambert, defendant herein as aforesaid, ordered that the J. L. Lambert, defendant herein, be, and he is hereby, relieved from his default of answer herein, and allowed, without terms imposed, to answer herein as fully as he might have answered if he had so answered in time. And it appearing to the court that the proposed answer of said defendant J. L. Lambert herein was, with said motion papers, duly served upon the attorney for the plaintiff by the sheriff of Potter county, South Dakota, on September 3, 1902, it is, on the motion of Robt. B. Fisk, attorney for said defendant J. L. Lambert, further ordered that such service of the answer of said defendant Lambert herein so made on September 3, 1902, be taken as and for the service of the answer herein under this order, and that the said answer stand in the action as duly served upon the plaintiff on said September 3, 1902. Done and dated at Onida, South Dakota, this September 9, 1902, in open court. By the Court: LORING E. GAFFY, Judge."

No prejudice being shown nor exception taken to the action of the court adjudging sufficient the previous service of the Lambert answer, our conclusion must be that due and legal service was made on the 3d day of September, 1902, and more than 40 days before the commencement of the ensuing term.

Having served notice of trial and furnished the clerk with a note of issue after issue was joined and clearly within the time limited by section 246, supra, defendants were entitled, in the absence of any such action on the part of plaintiff, to a trial of the case when reached on the calendar, or to a dismissal of the complaint.

Plaintiff, having relied exclusively upon defects in the defendants' note of issue, and the claim that the notice of trial was ineffectual, made no application for further time, nor did he attempt to show cause why the trial should not proceed when regularly reached on the calendar. The action of the trial court, therefore, was fully justified, and the judgment of dismissal and for costs is affirmed.