### O. A. BURTON *v.* ESTATE OF HIRAM BARLOW.

Res Judicata.   *Appeal.   Presumption.*

1. A plea of *former judgment* must show that the subject-matter of the present, is the same as that of the previous, litigation ; thus, in the first acti·n the question was whether an appeal from the Probate Court had been properly taken and entered ; and in the second, whether the petitioner had been deprived of taking an appeal by fraud, accident, or mistake. *Held*, not to be *res judicata.*
2. The Supreme Court will *presume* that the County Court found that the petitioner was a creditor of the defendant estate, when it might have so found from the evidence, and without such finding, it could not legally have rendered the decision it did, nothing appearing to the c ntrary.
3. The County Court, under the statute, R. L. s. 1426, has the power in its discretion to grant leave to a creditor to enter an appeal from the Probate Court when he has been prevented from taking an appeal by fraud, accident, or mistake ; thus, the petitioner's appeal having been dismissed because of some defect in the bond which he filed with the Probate Court, the decision of the County Court allowing on petition an appeal is not revisable.
4. R. L. s. 1426.   County Court power to grant appeal from Probate Court, construed.

PETITION to the County Court for an appeal from the Probate Court. Heard April Term, 1882, ROYCE, Ch. J., presiding. Appeal allowed. The petition alleged that the estate of Hiram Barlow, late of Fairfield, was indebted in a great amount to the

petitioner ; that he was dissatisfied with the allowance of claims by the commissioners in favor of several other creditors ; that he applied in writing for an appeal ; that it was granted ; that he filed with the Probate Court such a bond as it required ; that the appeal was entered in the County Court, and, on motion of the appellee, was dismissed by that court ; and that the petitioner was " deprived of an appeal in said cause by mistake in not entering a bond as security to said estate." As to the manner of giving the bond the petition alleged that the judge of the Probate Court " then and there informed your petitioner that he would be required to execute a bond with a surety for said appeal, and that he, said judge, would draw up such a bond ; that said judge then and there drew up a bond for your petitioner to execute with a surety for said appeal ; that your petitioner and a good and sufficient surety then and there executed in due form of law said bond, and delivered the same to said court to the satisfaction of said court, and said appeal was granted."

The bond, drawn by the judge of probate, was in common form, and given to the Probate Court, as, " We . . acknowledge ourselves jointly and severally indebted to the Probate Court," &c., with the following condition :

" That whereas, the commissioners appointed to receive and examine the claims presented against the estate of Hiram Barlow . . . have allowed claims presented by Sapho E. Barlow, Shattuck, Boutell and Start, A. S. Barlow, Ellen A. Barlow, and A. G. Soule to the amount of over twenty dollars each. And, whereas, the said A. O. Burton has claimed an appeal from the judgment and allowance of said commissioners to the next term of the County Court next to be holden at St. Albans, &c. Now if the above bounden A. O. Burton shall prosecute said appeals to effect and pay all intervening damages and costs occasioned by such appeals in case the judgment of said commissioners be affirmed, then said obligation to be void," &c.

Several reasons were given in the motion to dismiss the appeal ; as that, the other claimants were improperly joined ; that no bond was given to the State, or creditor, &c. The County Court adjudged that the appeal be dismissed ; and that judgment was affirmed by the Supreme Court. The County Court found from

the evidence on the hearing of this petition " that the petitioner had been deprived of an appeal by accident in not filing a bond as is required by law " ; and that the petition, as set forth above was substantially true, only it did not appear that the court found that the petitioner was a creditor.    The other facts are stated in the opinion.

*Edson, Cross & Start,* for the defendant.

The former judgment operates as an estoppel. *Isaacs* v. *Clark,* 12 Vt. 692 ;  *Porter* v. *Gill,* 47 Vt. 620 ;  *Grey* v. *Pingry,* 17 Vt. 419 ; *Stearns* v. *Stearns,* 32 Vt. 678.

The petitioner has not been prevented from taking an appeal, through any mistake.    If a mistake, it was one that arose from the want of ordinary care on his part, or that of his counsel.

Five minutes devoted to an examination of the statute,—which he was bound to make,—would have shown him what the law required, and the neglect of his counsel and of the judge of probate,—whom they appear to have made their agent,—to examine the statute, makes the case one of mere negligence, and of the grossest kind.  This was not a denial of an appeal as in *Sabin* v. *Rounds,* 50 Vt. 74 ;  but a neglect to take the necessary legal steps in applying for it;  it is a gross neglect of a legal duty, in the first instance, as well as in not giving the proper bonds.    It may be said the judge made a mistake ;  in one particular he had to follow the application made by the counsel.    An accident, as defined by Judge STORY, is such unforseen events, misfortunes, losses, or omissions, as are not the result of any negligence or misconduct of the party.    And a mistake must not be the result of negligence or want of care.    If the attorney knew what the law required, he neglected his duty.    If he did not, it was his imperative duty to have ascertained.  *Davidson* v. *Heffron,* 31 Vt. 687 ; *Burbeck* v. *Little,* 50 Vt. 713 ;  *Burton* v. *Wiley,* 26 Vt. 430 ; *Ingraham* v. *Bank,* 17 Vt. 435.

*H. S. Royce,* for the petitioner.

The Supreme or County Court may in *its discretion* grant an appeal under such circumstances as these.  R. L. s. 1426.  When

the Probate Court mistakes the law, and so improperly denies an appeal, an appeal will be allowed. *Sabin* v. *Rounds*, 50 Vt. 74.

Where an officer left a copy with the defendant, incorrectly stated the date of the return day, and the defendant was defaulted, it was held a mistake, and that the defendant had a remedy by petition, under the statute. *Kimball* v. *Kelton*, 54 Vt. 177. It does not appear that the decision of the court below was put upon any other ground than the exercise of its discretion upon the facts found. Therefore, the decision is not revisable by this court. *Davis* v. *Reed*, 32 Vt. 785.

The opinion of the court was delivered by

ROWELL, J. The subject-matter of the former litigation was not the same as the subject-matter of this. There the question was, whether an appeal had been properly taken and entered. Here the question is, whether the petitioner has been deprived of taking an appeal by fraud, accident, or mistake. The result of the former litigation necessitated a resort to this proceeding, and it would be strange to hold the matter to be *res judicata*.

It is further objected that the petitioner has no right of appeal, for that it does not appear that he is a creditor of the estate. It is not claimed that he was otherwise interested in the estate. The County Court had evidence before it from which it might have found that he was a creditor; and as it could not legally have rendered the judgment it did without such finding, it is to be presumed that it did so find, nothing to the contrary appearing.

The facts bring this case within the purview of s. 1426, R. L., which gives the County Court power, in its discretion, to grant leave to enter an appeal from the Probate Court; and for aught that appears, the court granted the leave in the exercise of that discretion, and hence its decision is not revisable here.