## MYERS v. MITCHELL.

1. Section 9, c. 27, Laws 1879, authorized the district judges to appoint additional terms of court in any county or subdivision of their districts. Chapter 71, Laws 1885, amended this section by striking out the word "additional;" and Chapter 79, Laws 1885, approved on the same day, fixed the dates of the terms in the several counties of the fifth judicial district. *Held*, that neither of the last named acts, nor both together, had the effect to repeal said Section 9, c. 27, Laws 1879, as to the coun-

tics of the fifth judicial district, nor to impair the authority of the judge to appoint terms therein.

2. When such appointed term is held upon a day designated by law for the holding of a term in another county of the same district, it will be presumed in the appellate court, in the absence of any showing to the contrary, that the judge adjourned such last mentioned term, as authorized by Section 442, Comp. Laws.

3. When an appeal is taken to the district court from a judgment rendered in justice court, and the notice of appeal demands a new trial, the case goes upon the trial calendar of the district court "to be tried anew," and all the provisions of the Code of Civil Procedure are applicable thereto. The appeal is subject to be dismissed for failure to prosecute, or unnecessary delay in bringing it to a hearing, but a motion for such purpose can only be made or heard after notice to appellant. Section 6136, Id.

4. When the case is reached upon the calendar, and called for trial, if either party fail to appear, the adverse party may proceed with his case, take a dismissal of the complaint, a verdict or judgment, as the case may require, (Section 5035, Id.) but he cannot under that section take a dismissal of the appeal.

(Syllabus by the Court   Argued Feb. 18, 1890.   Opinion filed July 8, 1890.)

Appeal from district court, Beadle county.   Hon. JAMES SPENCER, Judge.

The nature of the proceedings and the facts so far as material are stated in the opinion.

*Myers* and *Null*, for appellant.

It is essential to the validity of a judgment that it be rendered by a court of competent jurisdictiction at the time and place and in the form prescribed by law.   It was error for the court in this case to try and determine this cause at a term of the district court in and for Beadle county, begun and held upon a day other than the day fixed by law for holding terms of the district court in and for that county, and continuing such term over the day fixed by law for holding a term in another county.   State v. Roberts, 8 Nev. 239; Garlick v. Dunn, 42 Ala. 404; Hermandez v. James, 23 La. 483; White v. Riggs, 27 Me. 114; Skinner v. Beshon, 2 Col. 384; People v. Goodall, 15 N. E. 171; Dess v. Waggoner, 3 Tex. 515; Norwood v. Kenfield, 34 Cal. 333; Freeman on Judg. § 121; Dunn v. State, 2 Ark. 229; Hobart v. Hobart, 45 Ia. 503.

The court could not dismiss the appeal except for want of prosecution and then only upon the notice prescribed by statute, § 6136 Comp. Laws; Powell on App. Proc. 373.

*A. B. Melville,* for respondent.

KELLAM, J.   This action was originally commenced in justice court, where the defendant had judgment.   From this judgment plaintiff appealed to the district court, and demanded a new trial.   Upon this appeal the cause was on the trial calendar of the district court for Beadle county at a term of said court begun and held on the 25th day of February, 1889.   On the 23d day of March, 1889, of said term, being regularly reached for trial, the cause was called.   The defendant responded, and was ready for trial, but the plaintiff and appellant was not present, and did not respond either in person or by attorney.   Whereupon, on motion of the attorney for defendant and respondent, the court made and entered an order dismissing the appeal, and affirming the judgment appealed from. From this order plaintiff appeals to this court, and assigns as error:   (1)   The court erred in assuming jurisdiction to try and determine this cause at a term of the district court in and for Beadle county begun and held upon a day other than a day fixed by law for holding terms of the district court in and for said county.   (2)   The court erred in dismissing the appeal from justice court.   (3)   The court erred in affirming the judgment of the said justice court.

The question sought to be raised by the first assignment is the legality of the term of court which made the order appealed from; the appellant contending that the judge of said district had no power to hold a term in the county of Beadle upon a day other than the day fixed by law for holding terms in said county.   The laws of congress which constituted the organic act of the Territory of Dakota provided:   "The judges of the supreme court   *   *   *   are authorized to hold court within their respective districts, in the counties wherein, by the laws of the territory, courts have been or may be established." Organic Law, § 38.   The general power of determining where and when courts should be held in the several counties of each

district was thus left to the legislature of the territory. By Section 4, c. 13, Pol. Code, being Section 426, Comp. Laws, such courts must be held at the county seats. Huron was and is the county seat of Beadle county, and the proper place for holding the district court for that county, of which this court will take judicial knowledge. By Section 9, c. 27, Laws 1879, it was provided that the judges of the district courts, respectively, shall have power, by an order to that effect, to appoint and hold additional terms of the district court in any county or subdivision of their districts, and such judges shall have power to adjourn courts from time to time as they shall deem expedient for the due administration of law, and such terms shall in all respects be considered the same as the general terms provided in this act. By Chapter 71. Laws 1885, this section was amended by striking out the word "additional" as applied to the terms authorized to be ordered by the judges, and such section so amended is now Section 426, Comp. Laws. By Chapter 79. Laws 1885, approved on the same day as the above Chapter 71, it was provided that "the terms of the district court (fifth district) shall be held therein as follows, to wit:    *    *    *    Beadle, first Tuesday in May and the first Tuesday in October."

The appellant contends that, while it was competent for the legislature to leave it to the judges to call terms at such times as they thought would best subserve the interests of the people, yet when it (the legislature) by law fixed the times for holding terms in any particular county, such action must be taken as a plain indication of an intention to withdraw from the judges the power conferred by said section, and an implied repeal, *pro tanto*, of such authority, and that consequently, in such county, no authority was left with the judges to call or hold any terms except those specifically named by the law, and that this view is strengthened by the fact that simultaneously with the passage of said Chapter 79, Laws 1885, they struck out the word "additional," as above noticed; thus showing their intention that the judges were not to order ,additional terms— that is, terms besides those fixed by law—but that they still

might order terms in counties where the law did not definitely fix their date.

The force of this argument is greatly impaired by the fact that said Section 9, c. 27, Laws 1879, was part of an act, the other sections of which did for the territory precisely what Chapter 79, Laws 1885, did for the fifth judicial district, to-wit: fix the dates, generally, of its terms of court; and said Section 9 was no more out of harmony with the law of 1885 than with the law of 1879, of which it was a consistent part. Between 1879 and 1885 many new counties had been organized, and new judicial districts created, and the legislature evidently thought it desirable that .the dates of the court terms, in some of the counties not included in the law of 1879, should be definitely fixed by law, and so passed the law of 1885. The law of 1885 was not different in character or purpose from the law of 1879. They were only different as to the counties to which they applied. If, as a provision of the law of 1879, said Section 9 was intended to be and was a consistent part of the plan for holding the necessary terms of court in the several counties therein named, it is equally consistent with and it sustains the same relation to the law of 1885. It is very plain that the legislature did not regard the authority conferred on the judges by said section 9 as provisional, or only to be exercised in cases where terms were not fixed by law, for they deliberately made it a part of a general plan for fixing.the terms in the counties of the territory. They declared by law that certain terms should be held, and fixed their dates, and, no doubt anticipating that other terms might be required in at least some of the counties, they authorized the judges to appoint them. Nor did the striking out of the word "additional," as applied to the terms to be appointed by the judges, have the effect of depriving the judges of the power to order terms in counties where terms were fixed by legislative act. While we are unable now to declare authoritatively just what thought was in the legislative mind in making this change, there is no reason for supposing that more was meant than was said. As the law then was, and continued to be, up to the action of the last legislature, there were quite a

number of the counties in which the dates of the terms were not fixed by law, but left to the appointment of the judges. In such counties the terms so called were not properly "additional" terms, and the word may have been dropped to make the law more consistent with this fact; or it may have been to avoid any possible confusion between the "additional" terms therein provided for, and the "special terms" named by the law and authorized to be held in some of the counties; but, whatever may have been the immediate purpose of the change, it left untouched the power of the judges to appoint terms of court, subject to the conditions named in said section. Neither Chapter 79, laws 1885, fixing terms for the fifth judicial district, nor Chapter 71, Id., striking out the word "additional" from Section 9, c. 27, Laws 1879, nor both together, can be held to repeal said Section 9, nor impair the power conferred by it upon the judges to appoint terms of court in their respective districts.

It is also strenuously insisted by the appellant that "the judge could not hold a term of court in Beadle county, other than upon the day fixed by law, at a time when the statute directs the holding of a term in another county of his district. Neither could he continue to hold a term in Beadle county, previously begun, over the day fixed by law for the holding of a term in another county of his district." The facts appear to be that the term, the legality of which we are considering, was begun on the 25th day of February, 1889, and continued up to the 23d day of March, 1889, upon which day the order was made which is the subject of this appeal; that by chapter 79, Laws 1885, hereinbefore referred to, a term of court was fixed for Grant county, in the said fifth judicial district, for the third Tuesday in March, which would necessarily occur during the time the district judge was holding court as above, in said Beadle county; and the contention of appellant is that the judge had no power to hold his court in Beadle county at a time when he was required by law to be holding court in Grant county. If the duty of the judge to hold court in Grant county on the third Tuesday in March were inevitable, there would seem to

be no ready escape from appellant's conclusion, but the same authority, to-wit, the legislature, that fixed the term in Grant, and imposed upon the judge the duty of holding it, also conferred upon such judge the authority to adjourn such term, and hold it at another and different time. Section 442, Comp. Laws. If this power were exercised by the judge—and in the absence of any showing to the contrary we must presume it was—the suggested disability was thus removed. The rule is general that in an appellate court every reasonable intendment and presumption of which the case, as presented, admits, will be made to sustain the action of the court below. Reed v. Bagley, 38 N. W. Rep. 827; Burton v. Estate of Barlow, 55 Vt. 434. We see no good reason to doubt the legality of the term at which the order appealed from was made.

The appellant, however, insists that, as issues of fact had been joined in this case, it was triable by a jury, and only at a regular term of the court, (Section 5033, Comp. Laws;) but said Section 426, which we hold was still in proper force, and under which this term was called, distinctly makes such called terms "in all respects the same as the general terms provided in this act," and the general terms provided in such act were the very "regular terms" referred to in said Section 5033. This term was therefore, by the express provision of the statute, a "regular term" at which the court had jurisdiction to hear and dispose of this case. Prior to the passage of Chapter 5, Laws 1881, an appeal was put upon the trial calendar of the district court as any other action, by notice of trial and note of issue; but by said Chapter 5, now a part of Section 6136, Comp. Laws, it was provided that no notice of trial or note of issue should be required in cases of appeal, but that the same should be entered on the calendar by the clerk, and should stand for trial as soon as reached in the regular call of the calendar thereafter. Thus by the law itself the parties were put in the same position with reference to trial as though the case had been noticed by both sides. In this case the appeal was from the whole judgment, both upon questions of law and fact, and in the notice of appeal a new trial was demanded; so that clearly it

was a case "to be tried anew" in the appellate court (Section 6131, Id.,) the trial to "be conducted in all respects as trials in the district court;" and all the provisions of the Code of Civil Procedure as to trial in such court were applicable thereto, (Section 6136, Id.)

When the case was reached upon the calendar, the court and the parties stood in relation to the trial as though it were a case originally commenced in that court. The plaintiff failing to appear, the defendant might, unless the court, for good cause directed otherwise, proceed with his case, take a dismissal of the complaint, or a verdict or judgment, as the case might require. Section 5035, Id.

The pleadings brought up from the justice court were the pleadings in the district court, and the issues were the same. In this case there was the claim of the plaintiff, as set forth in his complaint, and the counter-claim of the defendant, as stated in his answer, and this case was before the court for a new trial. Upon failure of plaintiff to appear, the defendant might. as above indicated, have either asked to have plaintiff's complaint dismissed, or he might have proceeded with his case, presented his evidence in support of his counter-claim, and taken such judgment as his evidence entitled him to; but he did neither. He asked to have the appeal dismissed, and the judgment of the court below affirmed. This, upon the facts presented, the court had no power to do. It might dismiss the appeal for failure to prosecute, or unnecessary delay in bringing it to a hearing, but only upon notice to appellant. In this case there was no notice, but the appeal was summarily dismissed for failure of the plaintiff and appellant to appear when the case was called for trial. The appeal should not have been dismissed, because that could only be done after notice to appellant, and there was none. The judgment of the justice court should not have been affirmed, because no question of affirmance or reversal was before the court; the case being before it for a new trial on the merits, subject only to the power of the court to dismiss the appeal for the reasons, and in the manner, provided by law. The application for dismissal of the

appeal, upon failure of the plaintiff and appellant to appear at the trial, was made and granted under cover of said Section 5035; and respondent insists that under that section it was right, and should be sustained; but that section, as we have attempted to show, has no reference to nor does it authorize under any circumstances the dismissal of the appeal.

While proceeding under that section, the court does not and cannot judicially know that the case is one of appeal, but it is to be considered and treated as an action originally brought in that court. Under that section the defendant might have asked and taken a dismissal of plaintiff's complaint, or he might have proved his counter-claim, and taken judgment against plaintiff therefor, because that is authorized by such section; but he could not take judgment for a dismissal of plaintiff's appeal, because that is neither authorized nor contemplated by that section. The dismissal of the complaint, and the dismissal of the appeal, are distinctively and radically different in substance and effect. Dismissal of the complaint leaves the parties as they were before the complaint was made; dismissal of the appeal leaves them as they were before the appeal was taken. The judgment of the court was not merely wrong in form, as suggested by respondent, but wrong in substance, and must be reversed. The judgment of the district court is reversed, and the case remanded, to be placed upon the calendar for trial. All the judges concurring.