### KEEHL v. SCHALLER.

Where an appeal is taken from a judgment in justice court to the district (now circuit) court, the notice of appeal demanding a new trial, the case goes upon the calendar for trial as an original action, subject, so far as the trial is concerned, to the provisions of the Code of Civil Procedure; and it is error for the trial court to dismiss the appeal for failure to prosecute, except upon notice, as provided in Section 6136, Comp. Laws. Following Myers v. Mitchell, 1 S. D. 249.

(Syllabus by the court.   Argued April 17, 1890.   Opinion filed Oct. 13, 1890.)

Appeal from district court, Beadle county, Hon. JAMES SPENCER, Judge.

The material facts and the nature of the proceedings are fully stated in the opinion.

*N. D. Walling* for appellant.

*Henry C. Hinckley* for respondent.

KELLAM, J.   This case, originally tried in justice court, was appealed to the district court of Beadle county, upon questions of both law and fact, and a new trial demanded. When the case was reached and called upon the trial calendar of said

court, the appellant asked to try the case upon questions of law only, which was refused by the court. Appellant then asked to have the case passed until the following day, which was also denied, and the court then and there, without other or further notice, made and entered an order dismissing the appeal, and "affirming the judgment of the lower court." Afterwards appellant moved the court to reinstate said appeal upon the calendar, which motion the court granted, upon condition that appellant pay certain costs, which he declined to do. Appealing to this court from such action of the court below, he assigns as error the dismissal of his appeal, as above stated, without notice, and the refusal of the court to reinstate the same without costs.

The first question—to-wit, the authority of the court to dismiss an appeal under such circumstances—was discussed and determined by this court in Myers v. Mitchell, 1 S. D. 249. It was there held that the court could not dismiss the appeal for want of prosecution, except upon notice, as provided in Section 6136, Comp. Laws; that, the case being on the calendar to be tried anew, it was, under said section, subject to all the provisions of the Code of Civil Procedure as to trials, and so the complaint, as in cases originally commenced in the district court, might be dismissed for non-prosecution, but the dismissal of the complaint and the dismissal of the appeal are radically different in substance and effect. The views of the court as therein expressed are equally applicable to this case, so far as this question is concerned, and decisive of it. The court erred in dismissing the appeal, and, the appeal having been dismissed in error, appellant was plainly entitled to have it reinstated without condition or payment of costs. The judgment of the district court is reversed, and the case remanded to be placed upon the calendar for trial.