### London Guarantee and Accident Co. v. Leonard J. Mossness et al.

1. GARNISHMENT—*Nature of the Proceeding.*—A garnishment proceeding is an ordinary suit by the defendant for the use of the plaintiff against the garnishee.

2. SAME—*No Lien Created.*—The liability of the garnishee is purely personal. It was not the design of the legislature to create any lien by garnishment process, and the service of the writ does not create a lien upon the debt owned by the garnishee or the property held by him.

Garnishment.—Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge presiding. Heard in the Branch Appellate Court at the October term, 1902. Affirmed. Opinion filed July 17, 1903.

**Statement.**—This is an appeal from a decree sustaining a demurrer to, and dismissing a bill filed by. appellants, to set aside a judgment against them by one of appellees, and obtain a new trial of the suit wherein it was rendered.

The substantial allegations of the bill are as follows: On December 16, 1899, appellee Harshberger began a garnishment proceeding in justice's court against appellants upon a judgment theretofore rendered in his favor against appellee Mossness. On the return day of the summons conditional judgment for $88 and costs was rendered against the appellants, and on July 19, 1900, the conditional judgment was made final.

An appeal from this judgment by appellants to the Superior Court was dismissed for want of prosecution January 17, 1902.

The circumstances under which the dismissal took place were the following: The Chicago Daily Law Bulletin of January 16, 1902, showed the appeal as the second case for trial on the following day. On said day there was a case on trial, and appellants sent a clerk of theirs to watch it. He reported that the case would probably take all day, and that there would be no further call until 2 P. M. At two o'clock appellants had a representative in court, who reported that the same case was still on trial and would likely take the entire afternoon. About four o'clock of said afternoon the appeal was called for trial and the appeal dismissed in the absence of appellants, or any one in their behalf, although said clerk had been waiting in the afternoon; how long, does not appear. The Law Bulletin did not publish the dismissal until February 8, 1902, and appellants had no notice of it until after the end of the term, for which reason they were unable to move the court to set aside the order of dismissal or pray an appeal therefrom.

Appellants were not indebted to appellee Mossness at the time of the bringing of the garnishment suit, nor afterward; nor had they in their possession any real or personal property belonging to him.

Said Mossness filed his petition in bankruptcy January

6, 1900, and received his discharge February 26, 1900. Clause F, of section 67 of the present bankruptcy act provides, in part, as follows:

"That all levies, judgments, attachments or other liens obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the time of the filing of a petition in bankruptcy against him, shall be null. and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt, unless," etc.

F. J. Canty and J. A. Bloomingston, attorneys for appellant.

John W. Burdette, attorney for appellees.

Mr. Justice Stein delivered the opinion of the court.

It is argued for appellants that under the above cited section of the bankruptcy act the justice's judgment against them is null and void because Mossness went into bankruptcy within four months after its rendition. So it would be, if it were a judgment against Mossness and not against them. Nor was there any lien obtained against him within the meaning of the act. The fact that the judgment when enforced would diminish the assets of the bankrupt and operate as a preference against his general creditors was not sufficient to make it a lien.

Under the uniform decisions of the Supreme Court a garnishment proceeding is an ordinary suit by the defendant for the use of the plaintiff against the garnishee. Stahl v. Webster, 11 Ill. 511; Farrell v. Pearson, 26 Ill. 463; Webster v. Steele, 75 Ill. 544.

The liability of the garnishee is purely personal. It was not the design of the legislature to create any lien by garnishment process, and the service of the writ does not create a lien upon the debt owed by the garnishee, or the property held by him. Bigelow v. Andress, 31 Ill. 322; McElwee v. Wilce, 80 Ill. App. 338–342.

It was the duty of appellants to prosecute their appeal from the justice's judgment with due diligence. That they failed in this duty is evident from what is averred in their bill of complaint and still more so from what is not averred therein. The appeal was dismissed at four o'clock in the afternoon. It was the second case on the trial call. Yet no one was in court in their behalf at the time of the dismissal, and it is entirely consistent with the averments of their bill that no one was there during the entire afternoon except a minute or two. Indeed the inference is strong that in point of fact their representative was there no longer than that, for he reported to them that the case on trial would likely consume all the afternoon, and both he and they appear to have relied upon that assumption. To parties taking such risks a court of equity extends no relief, especially when, as in this case, they did not even learn of the dismissal of their appeal for more than two weeks afterward. The failure of the Law Bulletin to publish the dismissal is of no consequence. There is no averment in the bill that the Bulletin has any official standing or is in any way recognized by the courts; and even if there were, it would not excuse the want of diligence which led to the dismissal of the appeal. Excelsior Electric Company v. Chicago Waif's Mission and Training School, 41 Ill. App. 111.

The decree of the Superior Court is affirmed.