# CHARLESTON

CHENOWITH v. KEENAN.

Submitted June 15, 1906. · Decided December 11, 1906.

:DISMISSAL OF APPEAL.

> Action before a justice for recovery of. possession of land, judg-
> ment of recovery for plaintiff, and appeal by defendant. On
> motion of the plaintiff the defendant is called, and not appear-
> ing, his appeal is dismissed and judgment .entered affirming the
> justice's judgment. This is error, the burden of proving his
> case being on the plaintiff. The defendant is under no duty to
> prosecute the case. (p. 108.)

Error to Circuit Court, Randolph County.

Action by L. D. and Florida Chenowith against L. H.
Keenan. Judgment for plaintiff. and defendant brings
·error.

*Reversed.*

C. H. SCOTT, for plaintiffs in error.

BENT & SPEARS, for defendant in error.

BRANNON, JUDGE:

L. D. and Florida Chenowith brought an action of un-
lawful entry and detainer against L. H. Keenan before a
justice in Randolph county to recover possession of some real
property. The defendant appeared and got· a continuance.
At a subsequent time the justice's record shows that, the
·defendant failing to appear, judgment was rendered for the
the plaintiffs for the possession of the property and damages
for detention. The case was taken by Keenan to the circuit
court by appeal where, as the record shows, the plaintiff
appeared and the defendant was called but did not appear,
·and ·on motion of the plaintiffs the court dismissed the
appēal and affirmed the judgment of the justice, and pro-
ceeded in terms to render full judgment of recovery of
the premises against Keenan and· damages and costs before
the justice. Keenan sued out a· writ of error from this
Court.

Keenan's first assignment of error is that there is error in
·dismissing the appeal and affirming the judgment of the

justice, upon motion, without trial, and without requiring the plaintiffs to prove their case.    This involves questions somewhat perplexing in different phases.    What is the judgment when an appeal from a justice is dismissed proper to be rendered by the circuit court?    When a writ of error is taken from a circuit court to the supreme court, and it is simply dismissed, without hearing, the circuit court judgment still stands without action by the supreme court affirming it, because it takes reversal to affect it, the writ of error resting on error in the record, and is not a new trial.    But an appeal from a justice's judgment vacates the judgment and calls for a new trial, on which evidence and pleadings, though not before the justice, will be received. *Evans* v. *Taylor*, 28 W. Va. 184; *Hopkins* v. *Railroad*, 42 *Id.* 537. Where the party taking the appeal dismisses it, of his own motion, what is the effect?    If the plaintiff is the appellant, it seems to me that his dismissal dismisses not merely his appeal, but his suit.    The appeal is not the suit that is tried. Its only function is to transfer the case from the justice's court to the circuit court for a new trial.    It has brought up the action and if abandoned, the action goes with it and the judgment for the defendant stands revived, as it were. There is no longer any complaint against it.    If the defendant took the appeal and he dismisses it, the judgment in favor of the plaintiff stands good, because he has ceased to complain of it.    What judgment should the circuit court render in such cases?    Two lines of thought here present themselves.    One is that the appeal has annulled the judgment and translated or transferred the action from the justice's court into the circuit court for full trial, and only performs the function of the common law *certiorari* (not the appellate one) of transferring the case before trial from an inferior to a superior court for trial; and therefore, if the appeal is dismissed simply, the judgment of the justice does not revive, but the case must be tried and proven in the appellate court, and the judgment does not silently revive, nor can the circuit court affirm it without a new trial. The other line of thought is, that whilst it is true that the appeal vacates the judgment and transfers the action to the circuit court for a new trial, if one be had, yet if it is not had, if the appeal is dismissed without trial, it leaves

things as if no appeal had been taken, restores the *status quo*. The only complaint against the judgment, that is the appeal, has gone by the board and the judgment is good. The argument is, Why should the owner of the judgment, if plaintiff, prove his case again, when it is no longer complained of? If he is defendant, why should he be called on to reprove his defense, the plaintiff, who complained of it by his appeal, having given up his case by dismissing it? But what should be the judgment of the court, simply dismissal, or should it render a similar judgment to that of the justice? The disposition made of the cases involved in *Yocum* v. *Hubbard*, 30 W. Va. 740, and *Evans* v. *Taylor*. 28 *Id.* 184, tends to show that it was the opinion of the Court there should be simple dismissal, though the point is not in words decided. I have always inclined to the opinion that as the case has left the justice's court, and his judgment been vacated, when the appeal is voluntarily abandoned, the court should enter a judgment of its own reiterating the judgment of the justice with its costs and costs of appeal. There is no remand to the justice, and it seems to me the court ought to render a judgment of its own and that execution should issue from the circuit court. At any rate a judgment of affirmance would, even if unnecessary, do no harm. But the matters above stated are not stated as matters of decision by this Court. They do not involve precisely the question involved in this case, though matters of interest and often arising.

The question in this case is this: Did the court err in allowing the plaintiffs to have the defendant, Keenan, called and he not appearing, dismiss his appeal and render judgment for the plaintiff affirming and repeating the judgment of the justice? We think it is very plain that the court erred herein. From authority given above Keenan's appeal simply brought the case for a new trial into the circuit court. The appeal worked that result. The plaintiffs were still under obligations to prove their case. *Simpkins* v. *White*, 43 W. Va. p. 130; Code, chapter 50, sections 68, 218. When a defendant in an ordinary action gets a new trial, does not the burden still rest on the plaintiff to prove his case on the new trial? What is the difference in the two cases? Keenan complained of the judgment and got a new trial; but he was

not called on to take a step until plaintiffs took up the action for trial and proved their case so as to call for a defence from him. Keenan was in no default. He did not have to prosecute the appeal. I suppose that where the plaintiff appeals he may be called and nonsuit entered, carrying his suit out of court; but not so where the defendant appeals from a judgment against him.

Another error is very plain. The next day after the judgment Keenan filed his affidavit stating that he was a necessary and material witness in his own behalf, and " had been very sick for several days, and not able to attend to business during this entire term of court," and that on the day when said judgment was rendered against him he "was so sick that he was confined to his room and in bed, unable to attend the court." His attending physician, Dr. A. M. Fredlock, filed an affidavit fully sustaining Keenan's affidavit. On these affidavits Keenan asked that the dismissal of his appeal and the judgment against him be set aside. There was no showing on the part of the plaintiffs against these affidavits. We think it very plain that the court erred in refusing to set aside the judgment and reinstate the appeal.

Judgment reversed, the appeal reinstated, and case remanded.

*Reversed.*