### H. Bostrom v. George Alexander.

### Gen. No. 13,590.

DISMISSAL—*what essential to allowance of motion to set aside.* In order to entitle a party to an order setting aside a dismissal of his appeal from a justice of the peace, it must not only appear that he possessed a meritorious defense to the action, but also that such dismissal was not the result of his own negligence.

Action commenced before justice of the peace. Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the March term, 1907. Affirmed. Opinion filed January 27, 1908.

O. C. PETERSON, for appellant.

F. A. BINGHAM, for appellee.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

There is but one question controlling this case, viz.: Did the trial court abuse the discretion reposed in it by law in denying the motion of appellant to set aside the order dismissing his appeal.

Appellant perfected his appeal from a judgment of a Cook county justice of the peace. Appellee, in accordance with the directions of the statute, served notice to put said cause for trial upon the short cause calendar. The notice was served upon appellant in person. At the time of such service no attorney had entered appellant's appearance upon the record. The cause was placed upon the short cause calendar pursuant to the notice, and when called for trial, appellant failing to appear either in person or by counsel, his appeal was dismissed with $15 statutory damages, the judgment in the justice court being for $150 and costs.

It is evident that service of notice upon any one else but appellant would have been ineffectual in view of the fact that no attorney, to the time of serving the notice, had appeared in the cause for him.

While appellant may have stated in his affidavit filed in support of his motion to vacate the order of dismissal, such facts which if proven would constitute a meritorious defense to appellee's action, that was not sufficient to entitle him to have the order set aside. He must do more and go farther and show affirmatively that he was not negligent. Appellant was inexcusably negligent in not handing the notice served upon him to place the appeal upon the short cause calendar to his attorney. If he had done so, he could have interposed his defense when the case was called

for trial. The affidavits failed to show the exercise of any diligence on the part of appellant. From the consequences of such lack of diligence the law affords no relief. Schultz v. Meiselbar, 144 Ill. 26.

It is therefore plain that in denying appellant's motion to set aside the order of dismissal there was no abuse of judicial discretion.

The judgment of the Circuit Court is affirmed.

*Affirmed.*