**S. Goldberg, Defendant in Error, v. Joseph Cohen, Plaintiff Error.**

### Gen. No. 14,774.

1. APPEALS AND ERRORS—*when presumption of propriety of dismissal indulged.* If an appeal is dismissed by the court it will be presumed that such dismissal was proper in the absence of a showing to the contrary.

2. APPEALS AND ERRORS—*propriety of dismissal upon general call.* Both parties to a cause initiated before a justice of the peace must follow the appeal thereof, and a dismissal of such appeal upon general call for want of prosecution is proper.

3. PRACTICE—*appearance need not be written.* The statute does not require that an appearance be written and a dismissal made upon motion of the plaintiff's attorney will not be set aside on review merely because he does not appear to have filed a written appearance.

Action commenced before justice of the peace. Error to the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in this court at the March term, 1909. Affirmed. Opinion filed June 16, 1910.

LOUIS GREENBERG, for plaintiff in error.

WILLIAM R. BRAND, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

In a suit before a justice of the peace plaintiff had judgment and the defendant appealed to the Superior court by filing a bond before the justice. April 19, 1906, the transcript and appeal bond were filed in the office of the clerk of the Superior court. June 17, 1907, the following order was entered in the cause in the Superior court: "This cause being this day called on a general call under the general order of the court entered herein of record on the 13th day of May, 1907, and in accordance therewith, after due notice, and the defendant failing to prosecute this appeal in accordance with said call, on motion of the plaintiff's attorney it is ordered that said appeal be and the same is hereby dismissed at defendant's cost for want of prosecution and for want of compliance with said general order. Therefore, it is considered by the court that the plaintiff do have and recover of and from the defendant costs and charges in this behalf as well as in the court below expended and have execution therefor, and that a *procedendo* do issue herein."

In the transcript of the record filed in this court is an order of the Superior court entered May 13, 1907, for a general call of all law cases on the docket of that court commenced before September 1, 1906. This order is not an

order made in the cause and is not, therefore, a part of the record of the cause. Disregarding that order, it will be presumed that the order dismissing the appeal was proper.

Both parties treat the order of May 13, 1907, as a part of the record of this cause, and if it be so considered the order dismissing the appeal was proper. That order contains the following provisions: "It is also ordered that upon such call cases will be heard, set for trial, dismissed for want of prosecution, or otherwise disposed of, as the record may warrant and as the court may order either of its own motion or upon motion of any one appearing at such call for any party. In any case where, upon either side, there may be a failure or neglect to appear, the side appearing may in the discretion of the court have final disposition of the case. When both sides fail or neglect to appear at such call, suits may, in the discretion of the court, be dismissed for want of prosecution, or appeals or writs of certiorari may be dismissed with or without costs." The appeal was taken before the justice, both parties must follow the appeal and were in court in contemplation of law. The judgment recites that the appeal was dismissed on motion of plaintiff's attorney. The statute does not require that the plaintiff shall file an appearance in writing.

The order of May 13 provides for the dismissal of an appeal where neither party appears, and that where only one party appears, such party may "in the discretion of the court have final disposition of the case." The order dismissing the appeal was a final disposition of the case and was authorized by the terms or the order of May 13, when one party only appeared on the call of the calendar therein provided for.

The judgment is affirmed.

*Affirmed.*