## SAUNDERS v. HARRIS.

(139 N. W. 325.)

**Appeal — dismissal for nonprosecution — motion to vacate order.**

From a judgment rendered before a justice of the peace of Pierce county defendant appeals. The justice fails to transmit the record on appeal to the clerk. Thereafter, by stipulation, the venue is changed to McHenry county, and later, on a written stipulation, the case was continued over a term of court there held. At the succeeding November, 1910, term, nearly one year after entry of the judgment appealed from, the case was set by the court on peremptory call for trial or final disposition for on or after December 5th, on which date the case was called for trial, with defendant and appellant defaulting in appearance, and not having appeared throughout that jury term then in session. On motion of plaintiff, made on the grounds that the appellant had wholly failed to prosecute his appeal and had failed to have the record on appeal certified by the justice to the district court, defendant's appeal was dismissed and judgment entered accordingly. Two days thereafter defendant moved to have the order and judgment vacated, and for an order requiring the justice to transmit the record, and for a continuance of the cause over the term, which motion was denied. No affidavit of merit or pro-

posed pleading accompanied the motion, nor are appellant's defaults in appearance in any way excused. *Held:*

(1) That the court had authority to dismiss said appeal for nonprosecution by the appellant, because of his defaults in appearance throughout the term and at the time so set for final disposition of the case by trial or otherwise.

(2) That defendant, in the motion to vacate and on this appeal, having challenged only the power of the court to dismiss the appeal, and not sought to excuse or explain his default by affidavit of merits, was entitled to no relief, and the motion was properly denied.

Opinion filed November 23, 1912.  Rehearing denied January 2, 1913.

Appeal by defendant from a judgment of dismissal of the District Court for McHenry County, *Burr,* J.

Affirmed.

Statement by Goss, J.  This action was first brought before a justice of the peace in Pierce county, and judgment was there, on the 31st day of December, 1909, rendered against the defendant and appellant.  On January 10, 1910, the defendant and appellant perfected an appeal to the district court of Pierce county, and notice of appeal and undertaking were duly served and filed on January 10, 1910; and thereafter the statutory notice from the clerk was duly sent to said justice of the peace, requiring him to transmit the record in said action to the clerk of the said district court.  The justice, however, failed to transmit the record, or any part thereof, although the fee for the transcript was duly paid.  On February 28, 1910, the place of trial was by stipulation changed from Pierce to McHenry county, and the trial set for March 15, 1910, at Towner.  Later the case was by stipulation continued to the May, 1910, term of said court.  The court, however, ordered that no jury should be called for such term, and no demand for a jury appears to have been made.  At the November, 1910, term of the court, the case was set on the peremptory call for on or after December 5, 1910, and on such date the case was called for disposition, and, no appearance being made by the defendant and appellant, and on motion of plaintiff's attorneys, the appeal from the justice court was dismissed, and the judgment of such justice affirmed, "for the reason that the appellant had wholly failed to prosecute his appeal, and for the reason that the appellant had wholly failed to have the record on

appeal certified by the justice of the peace to the district court." Two days thereafter, and on December 7, 1910, defendant and appellant moved to have such order vacated, and for an order requiring the justice to transmit the record to the said district court, and that the case thereafter be not tried, but continued over that term of court. This motion was based upon the files in the case and upon an affidavit setting out the facts as above stated. No affidavit of merits or proposed pleading accompanied the motion, which was denied, and the defendant and appellant appeals to this court.

*C. D. Kelso,* for appellant.

The proper steps for respondent, without the formal statutory notice, would have been to move for judgment upon the pleadings, or present his evidence and demand judgment. Myers v. Mitchell, 1 S. D. 249, 46 N. W. 245; Keehl v. Schaller, 1 S. D. 290, 46 N. W. 934.

Appellant's appeal from the justice court could not be dismissed for failure to have the record transmitted, as that is no part of his duties on appeal. Haessly v. Thate, 16 N. D. 403, 114 N. W. 311; Eldridge v. Knight, 11 N. D. 552, 93 N. W. 860.

*Kline & Funke,* for respondent.

Goss, J. (after stating the facts as above). The court acquired jurisdiction by the filing of the notice of appeal and undertaking on appeal, after service thereof. Thereafter the parties stipulated a change of venue, and then stipulated the cause over one term, and it came on regularly for trial as one of the causes for trial at the regular jury term convening in November, 1910. The case was set on peremptory call for disposition by trial or otherwise, and thereafter, quoting from the order dismissing the appeal, was "duly called for trial and argument on December 5, 1910," with plaintiff appearing and defendant defaulting in appearance; whereupon, the appeal, because of appellant's default in appearance, on motion of plaintiff and respondent, was dismissed for want of prosecution, and for failure to have the record on appeal before the court.

It is unnecessary to pass upon the question of the failure of the justice to transmit the record, as the respondent was entitled to a dismissal of the appeal for want of prosecution or appearance by the ap-

pellant, defendant, at the time when the case was called for trial. As one ground of the motion was well taken, the judgment must be affirmed.

The appellant contends that the court was without power to dismiss the appeal, but that, instead, it should have tried the case and rendered judgment on trial. He cites no authorities, and we are satisfied none is available for this position, as the court had the same inherent power to dispose of the case by dismissal of the appeal as it did have to then entertain and proceed to a trial of the case upon the merits. Our statute, § 8510, contemplates the dismissal of appeals. Sec. 7012 authorizes a disposal of the case when reached on the trial calendar. With the power to dismiss, it was optional with the plaintiff and respondent whether he would take his relief by verdict and judgment and enforce its collection through district court process, or, instead, with defendant in default in appearance, to procure the dismissal of the appeal because thereof, thereby enabling him to realize on his judgment by execution out of the justice court thereafter. Had the court tried the case then, after it had been placed upon the peremptory call for disposition, summarily or on the merits, and entered its judgment on the verdict, or, if a jury had been waived by the plaintiff, on its findings, appellant would have had nothing of which to complain. He was in default throughout that term and when his case was disposed of. Without formal motion to vacate the order upon grounds showing excusing his default, he could not then be heard to question the validity of the judgment rendered on this motion, if within the power of the court to so dispose of it on default; and we can see no good reason why he should not be equally bound, under these circumstances, because the plaintiff elected to receive, and the court chose to grant, instead of a judgment on the merits, a judgment for dismissal of the appeal.

The motion of the defendant and appellant is for a vacation of the order dismissing the appeal, and is based upon the files and records in the case and the affidavit of appellant's attorney, which affidavit recites merely the record, and that the justice has failed to transmit his transcript. No attempt is made, by affidavit or otherwise, to explain appellant's default in appearance, nor is there any reason assigned therefor. He evidently assumed, then as now, that it was error to dismiss the appeal in the absence of the justice record. With his

motion for vacation of the order dismissing the appeal, he asks for an order requiring the justice to transmit the record, and that the cause go over the term to stand for trial at the next regular term of court after the filing in said district court of the justice's transcript on appeal. Judgment had been rendered against appellant in the justice court on December 31st, 1909. He had appealed, and by stipulation with opposing counsel the cause had gone over the May, 1910, term of the district court, and had been reached for trial at the succeeding term and disposed of approximately one year after the entry of the judgment appealed from in the justice court, without appellant causing the record on appeal to reach the appellate court; and as a part of the motion, the denial of which is appealed from, he asks for further delay to the effect that, largely, if not entirely, because of his defaults in appearance at the term, wholly unexcused, plaintiff and respondent shall lose the benefit of that term, and stand the consequent delay in final disposition of the case. As the matter of the vacation of the order for judgment after this default, under these circumstances, was a matter within the sound discretion of the trial court, its decision will not, except for manifest abuse, be disturbed. Racine-Sattley Mfg. Co. v. Pavlicek, 21 N. D. 222, 130 N. W. 228, and cases therein collated.

Appellant cites and relies upon Myers v. Mitchell, 1 S. D. 249, 46 N. W. 245, and Keehl v. Schaller, 1 S. D. 290, 46 N. W. 934, holding, under the South Dakota statute regulating appeals, that an appeal cannot be dismissed *without notice.* These decisions were based on § 6136 of the Compiled Laws, formerly in force in Dakota territory, and re-enacted as § 106 of the Justice's Code, Compiled Laws of South Dakota 1910. It is significant that our legislature has adopted most of the provisions regulating appeals from justice to district courts that were in force under territorial statutes, but has omitted that portion of § 6136 providing for dismissal *after notice* in case of failure to prosecute. Sec. 6136, Compiled Laws, in this particular, reads: "For failure to prosecute an appeal or unnecessary delay in bringing it to a hearing, the district court, *after notice,* may order the appeal dismissed." This is the provision passed upon by the South Dakota court in the cases cited. The right of appeal is conferred by statute, without which statute the right would not exist. It is the appeal which

transfers jurisdiction from the justice to district courts. With jurisdiction transferred under the statute, the district court has the same right of summary disposal over an appeal case that it has over an action originally begun therein, and with the dismissal of the appeal contemplated by statute, it may, in its discretion, upon proper grounds, exercise the power to dismiss. We do not regard said holdings as here applicable, our statute not requiring notice of motion during the term and after a cause has been set for trial on the peremptory call. Our terms of court are fixed by statute for times certain, thereby giving notice to litigants with business pending of the time of the court sittings. Under the practice prevailing in all trial courts, on the convening of the term causes are assigned for trial and final disposition. At such time no notice of motion to dismiss an appeal, or to set a cause for trial on peremptory call or for a day certain, or kindred matters of court routine, need be given. In the absence of good reason shown to the contrary, the trial court has inherent power to arrange causes for trial as suits its convenience, that it may expedite proceedings, keep the jury busy, and accomplish the most at the least expense to litigants and to the county furnishing the court machinery. With court in session, except for cause shown, appellant was in default in not attending court. Manning v. Nelson, 107 Iowa, 38, 77 N. W. 503, is to the effect that it is the duty of counsel to attend to matters pending in court, and that the act of the court in setting causes for trial or other proceedings is notice to all parties, and that the same applies to motions in such proceedings. To the same effect, see Delaplaine v. Hitchcock, 6 Hill, 14, the syllabus holding that "after a defendant has been brought into court, he is chargeable with knowledge of all subsequent steps taken in the cause down to and including the judgment, although he did not in fact appear, and had no actual knowledge on the subject." See also Sharpe v. Fowler, Litt. Sel. Cas. 446, from the opinion of which we quote: "The plaintiff was, and must be presumed to be, in court to attend to his cause while the court had power over it, *as they had during the same term,* to make any order therein." See also Riley v. Wiley, 3 Dana, 75, and Butler v. Thompson, 2 Fla. 14, from which we quote: "When a party is once brought into court, he is chargeable with whatever is done there in the suit in which he is a party, although he did not in fact appear, and had no actual knowledge on the subject."

24 N. D.—16.

See also Goldberg v. Cohen, 156 Ill. App. 344; London Guarantee & Acci. Co. v. Mossness, 108 Ill. App. 440; Bostrom v. Alexander, 138 Ill. App. 428. See also 28 Cyc. 8, that "in legal strictness, parties are bound to take notice of all motions made in court during the pendency of the action, *unless actual notice is required by statute* or by the court rules, or by some express direction of the court made in the cause, by decree, or otherwise." Under these authorities, although the defendant was in default, he is, in the absence of some excuse therefor, bound by the court's disposition of the case to the same extent as though he were present. The proceedings were in no wise *ex parte,* but, instead, entirely regular under § 7012, Rev. Codes 1905, and stand with appellant's default wholly unexcused.

We are also familiar with the procedure under California ' holdings (see Rabin v. Pierce, 10 Cal. App. 734, 103 Pac. 771, and cases therein cited) which, under their statute, hold the right to dismiss for failure to prosecute applies only to the right to dismiss because of failure to comply with technicalities of procedure in perfecting the appeal, as well as Chenowith v. Keenan, 61 W. Va. 108, 55 S. E. 991, in line with the South Dakota holdings. The statutes underlying all these decisions require service of notice before an appeal can be dismissed. Ours does not, and hence these decisions are not applicable. Besides, our statute, § 8510, provides that a certified copy of the order dismissing the appeal shall be filed in the justice court in which the judgment appealed from was rendered, and that thereafter the judgment is enforced, after dismissal of appeal, by execution out of the justice court. In West Virginia it appears from the opinion in the case cited, that no such remand to the justice is provided by their statute.

Appellant contends that the district court has no power to dismiss an appeal; that he had the right to rely on plaintiff making proof of his case in district court, and the right to take advantage of any defect in or failure of any proof attempted to be so made by plaintiff; and had a right to have the appellate court reassess any damages. This overlooks the fact that he has already had his day in court at the former trial, and that the judgment against him still exists pending the appeal, §§ 8503–8510, and imports the same verity that obtains to any judgment until superseded; and the dismissal of the appeal leaves

intact and in force the judgment in justice court appealed from. Hence no necessity for reassessment of damages or resubmission of proof already once submitted and the basis for one judgment still existing.

Appellant cites Haessly v. Thate, 16 N. D. 403, 114 N. W. 311, as authority to the effect that a district court cannot dismiss an appeal except one taken on questions of law alone, under the provisions of § 8501, Rev. Codes 1905. This case does not sustain this broad contention that a district court has no general authority to dismiss an appeal taken generally. It is authority for the proposition that an appeal on law and fact cannot be dismissed for the sole reason that the justice has failed to transmit his record. This is far from denying the right to dismiss an appeal upon other grounds. For example, those now before us, where appellant has defaulted in appearance in the district court during the jury term at which he must have known his cause was for determination. Had appellant been present at the call of the calendar and the placing of cases on the peremptory call, or at the time the action was thereafter reached for disposition, and then requested an order directed to the justice for the transmission of the record, or had done any other act to show his good faith or desire for a trial upon the merits, instead of being wholly in default throughout the term, we would now have a different case before us. The appeal was taken upon both law and fact, and had appellant been present ready for trial when the case was reached upon the peremptory call, it is probable that the justice's record could have been dispensed with, issues there formulated and tried, as is the common practice in trial courts where parties really desire to litigate on the merits. Assuming that no burden rested upon appellant to have the justice record in the district court of McHenry county, it does not follow that no burden rested upon him to be there present and ready for trial when the cause should be called for disposition. If he saw fit to disregard his own rights and speculate on what action the court would take concerning his case, the opposing party, recovering judgment below, from which appellant by the appeal seeks to relieve himself, should not be prejudiced nor longer delayed by the failure of appellant to appear. To hold otherwise would be to penalize the diligent party to an appeal because of the shortcomings, carelessness, or wilful default of an appellant,

and allow such party in default to benefit by his own laches; and such a doctrine we cannot sanction. Defendant's default in appearance was alone sufficient to warrant the action taken by the trial court. Judgments cannot be set aside on mere irregularities of procedure arising from unexplained and unexcused default, where the result would have been the same in any event. Appellant cannot be heard, in the face of his defaults, to urge prejudice arising from the mere manner of the awarding of judgment against him because of his nonappearance. Such would necessarily be our holding upon an action brought originally in the district court on which judgment had been entered by default upon nonappearance of the adverse party at the time set and when reached for trial on the peremptory call. The fact that this action reached the court by an appeal should in no wise affect the application of the rule.

Our conclusion is that the district court had jurisdiction of persons and subject-matter by virtue of the notice of appeal and undertaking on appeal and record thereof transmitted to it from the district court of Pierce county, as well as by the written stipulations of the parties on file; it was empowered to set the case for trial and final disposition as it did; that an abundance of time, more than a week, elapsed from the convening of the term until the case was reached for such purposes, during which time this appellant wholly defaulted in appearance, as likewise he did when the case was called for trial and final disposition; the court had power to try the cause had the defendant been present, and necessarily had the same authority with the defendant in default; the district court has power under such circumstances to dismiss an appeal for want of prosecution by the appellant, and the exercise thereof herein is something of which the party so in default cannot be heard to complain, in the absence of an affidavit of merit excusing his default and invoking the discretion of the court to be relieved therefrom as a matter of favor and discretion, and not of strict legal right.

Accordingly the judgment is ordered affirmed, with costs.

BRUCE, J. (dissenting). I cannot concur in the majority opinion. In my judgment the filing of the notice of the appeal and the undertaking gave the district court jurisdiction of this case, and under our statute it was no more incumbent upon the defendant to see that the

justice of the peace performed his duty and transmitted the record than it was upon the plaintiff himself. The only particular in which this case differs from the case of Haessly v. Thate, 16 N. D. 403, 114 N. W. 311, is that to be found in the fact that the defendant was absent at the time the case was called for trial. This, however, does not alter the rule. The defendant had perfected his appeal in so far as he was concerned, and the justice alone was negligent. Defendant did not fail to *prosecute* his appeal, and the appeal should not have been dismissed for this reason. He had done his part in removing or appealing the case for trial *de novo* to the district court, and on that trial *de novo* it was incumbent upon the plaintiff to proceed and to prove his case. Under our statute, § 8507, Rev. Codes 1905, either party may obtain an order for the transmission of the record, and since plaintiff did not ask for the order, there is no reason why it should not have been allowed to the defendant. The case is, as we before intimated, practically settled by the decision in Haessly v. Thate, supra. In addition thereto the following statutes and decisions are more or less pertinent: Section 7012, 8509, 8500, 8507 and 7326, Rev. Codes 1905; Myers v. Mitchell, 1 S. D. 249, 46 N. W. 245; Keehl v. Schaller, 1 S. D. 290, 46 N. W. 934; Eldridge v. Knight, 11 N. D. 552, 93 N. W. 860; Rabin v. Pierce, 10 Cal. App. 734, 103 Pac. 771; Alexander v. Municipal Ct. 2 Cal. (Unrep.) 390, 4 Pac. 961; Chenowith v. Keenan, 61 W. Va. 108, 55 S. E. 991; Morgan v. Zimmer, 120 App. Div. 672, 105 N. Y. Supp. 914; Clark v. Harris, — Tex. Civ. App. —, 129 S. W. 202.

I am authorized to state that FISK, J., concurs in this dissent.