## HENRY PATHMAN v. JULIUS WILLIAMS.

## HENRY PATHMAN v. JULIUS WILLIAMS and A. B. Doran.

(157 N. W. 293.)

Notice of trial — no note of issue — for specified term — service of — subsequent term — placed on calendar for trial — oral notice — nonprosecution — judgment for defendants — jurisdictional — trial — action — summary disposition of.

This opinion decides two above-entitled appeals.

After service of notice of trial, the court during a subsequent term, after oral notice given plaintiff's attorney of an intention by defendants to so request, placed these causes upon the calendar for trial. Later upon peremptory call judgment was awarded against plaintiff for nonprosecution in his absence. No note of issue was ever filed. *Held:*

The court had jurisdiction under § 7610, Comp. Laws 1913, to so order, notice of trial having been seasonably served. Note of issue is required for convenience, and is not a jurisdictional prerequisite to trial or summary disposition of the action.

Opinion filed March 13, 1916.

Appeals from orders of the District Court of Stark County, *Crawford*, J., denying applications to vacate judgments.

Affirmed.

*Thos. H. Pugh* and *B. M. Rigler,* for appellant.

The manner of bringing a civil action on for trial is prescribed by our Code, and there is no other way, except by stipulation of parties and order of court thereon. Comp. Laws 1913, § 7610; 38 Cyc.

1271, 1275 et seq.; Miner v. Galvanotype Engraving Co. 30 Misc. 200, 61 N. Y. Supp. 1102.

Where no note of issue was filed prior to the term at which case was noticed for trial as by law provided, an order authorizing the filing of a note of issue *nunc pro tunc* was not sustained. National Carbonating Co. v. Standard Aerating Co. 47 N. Y. Supp. 1016.

Note of issue filed with the clerk is necessary where parties do not agree that case shall go on. Oswald v. Moran, 9 N. D. 170, 82 N. W. 741.

Delay of the court in making decision does not affect the remedy, where the party has taken timely action. Gaar, S. & Co. v. Collin, 15 N. D. 622, 110 N. W. 81; Keeney v. Fargo, 14 N. D. 419, 105 N. W. 92.

The application in this case is not an appeal to favor, but is based upon a strict legal right. Comp. Laws 1913, § 7610; Cline v. Duffy, 20 N. D. 525, 129 N. W. 75; Freeman v. Wood, 11 N. D. 1, 88 N. W. 721.

*T. F. Murtha,* for respondents.

In placing causes upon the calendar for trial, the note of issue is for the convenience and information of the court, and is not a jurisdictional prerequisite. 14 Enc. Pl. & Pr. 1063; Elliot v. McHale, 1 Mich. N. P. 312; Kennedy v. Kennedy, 18 N. J. L. 51; Moody v. Lambert, 18 S. D. 572, 101 N. W. 717; Fuller v. Johnson, 80 Conn. 493, 68 Atl. 977; Homberger v. Brandenberg, 35 Minn. 401, 29 N. W. 123; Union Brewing Co. v. Cooper, 15 Colo. App. 65, 60 Pac. 946; Chappell v. Real Estate Pooling Co. 89 Md. 258, 42 Atl. 936; Meckes v. Pocono Mountain Water Supply Co. 203 Pa. 13, 52 Atl. 16; Snohomish Land Co. v. Blood, 40 Wash. 626, 82 Pac. 933; Shelby v. St. James Orphan Asylum, 66 Neb. 40, 92 N. W. 155.

"Either party, after notice of trial, whether given by himself or the adverse party, may bring the issue to trial."

The procedure proposed by plaintiff would destroy this statutory right. Clinton v. Myers, 43 How. Pr. 95; Honeywell v. Shaffer, 18 N. Y. Civ. Proc. Rep. 336, 9 N. Y. Supp. 540; McBride v. Langan, 19 N. Y. Civ. Proc. Rep. 41, 11 N. Y. Supp. 626; Myers v. Metropolitan Elev. R. Co. 16 Daly, 410, 12 N. Y. Supp. 2; Comp. Laws 1913, § 7610.

The trial court was without authority to vacate the judgments entered, because more than one year had passed, after plaintiff had notice of their entry. Comp. Laws 1913, § 7483; Sargent v. Kindred, 5 N. D. 472, 67 N. W. 826.

Goss, J. This is an appeal from an order denying an application to vacate a judgment. The uncontroverted facts are that after issue was joined the defendant served notice of trial for the May, 1913, term of district court, but did not file the same or a note of issue because plaintiff had neglected to pay the clerk's fees for filing the cause. Another case had previously been begun by plaintiff against defendant Williams, in which notice of trial was served at the same time for the same term, and not filed for the same reasons. Both actions were begun by one Yaeck as plaintiff's attorney. Upon his leaving the state, attorney Rigler took over his practice. During the December, 1913, term of court, the attorney for defendant (quoting from his uncontradicted affidavit) had several conversations with Rigler, and was informed by the latter that attorneys Pugh and Rigler appearing for appellant had been retained by the plaintiff as his attorney in these two actions, and Rigler inquired why said cases were not upon the calendar, and was informed that the reason was that plaintiff had not paid the clerk's fees, "but that defendants in both of said actions were going to pay the clerk's fees and put the cases upon the calendar for trial; that said Rigler requested defendants' attorney not to do so until after December 20th, for the reason that he (Rigler) had been advised by plaintiff to dismiss the one action against Williams, and that the plaintiff was considering the advisability of dismissing the case against Williams and Doran; and that he (Rigler) had advised the plaintiff to dismiss both of said actions. That Rigler agreed with affiant (Murtha) that if said cases were to be dismissed that Rigler would advise affiant in writing of such dismissal and pay the costs; that Rigler never so advised affiant, and that on the 22d of December, 1913, affiant caused the papers herein (notice of trial and original answer in the one case and notice of trial, note of issue, and original answer in the other) to be filed with the clerk, and that both of said entitled causes were placed upon the calendar and posted upon the bulletin placed near the judge's bench for the advice and convenience of counsel. That Rigler saw the cases

marked down upon said bulletin for trial, and spoke to affiant concerning the same." That said cases were reached for trial and final disposition December 29th and brought on for trial on said date, whereupon the case against Williams as sole defendant when reached was dismissed for nonprosecution, while in the action against the two defendants, involving an issue of ownership and possession of personal property, a jury was called and defendants' proof submitted and a verdict directed in favor of the defendants, plaintiff not appearing. Judgments upon order were duly entered. The month following, plaintiff made applications in both cases for a vacation of the judgment, both of which were denied. These appeals followed.

There is no abuse of discretion claimed, nor could there be any in such orders under the facts. The sole error of law complained of is the placing of the cases upon the calendar for trial and their disposition accordingly. Appellant claims that, because, in the one case, no note of issue was ever filed with the clerk, the court was without jurisdiction of the cause, and in the other that, because the notice of trial and note of issue were not filed "at least eight days before the court," the court had no jurisdiction of the cause so far as authority to place it upon the trial calendar and dispose of it was concerned. Neither contention has any merit. Comp. Laws 1913, § 7610, reads: "At any time after issue and at least ten days before the court either party may give notice of trial. The party giving the notice shall furnish the clerk at least eight days before the court with a note of the issue containing the title of the action, the names of the attorneys and the time when the last pleading was served, and the clerk shall thereupon enter the cause upon the calendar according to the date of the issue. The party upon whom notice of trial is served may also file the note of issue and cause the action to be placed on the calendar without further notice on his part. There need be but one notice of trial and one note of issue and the action must then remain on the calendar until disposed of. Either party after the notice of trial—whether given by himself or by the adverse party—may bring the issue to trial." Under this statute, service of a note of issue is not required. After service of the notice of trial "at least ten days before the court," the cause is placed upon the calendar without further notice as between the parties. For the clerk's convenience and information the note of issue is required to be filed

with him, but the filing of this is directory, and not mandatory, and is in no sense a jurisdictional prerequisite after the notice of trial served in time is filed. Moody v. Lambert, 18 S. D. 572, 101 N. W. 717; Kennedy v. Kennedy, 18 N. J. L. 51. Plaintiff cites and quotes copiously from Oswald v. Moran, 9 N. D. 170, 82 N. W. 741, holding that upon a new trial ordered by this court on appeal service of a new notice of trial is necessary to again bring the cause upon the district court trial calendar where a motion to strike from the calendar for want of service and filing of a second notice of trial is seasonably made and overruled. Here both causes were admittedly noticed for trial, and were therefore liable to be placed upon the calendar at any time thereafter by either party. The reason the cases were not upon the trial calendar prior to the opening of the term was because plaintiff neglected to file the summons and complaint and pay the clerk's fees. He saw fit instead to throw this expense upon defendant. He is in no position to complain of what was done or the results of his own failure to give his cases proper attention. That the court had authority to dismiss for nonprosecution, and that plaintiff is not entitled to relief in the absence of a showing prima facie excusing such palpable neglect, has already been held by this court in Saunders v. Harris, 24 N. D. 236, 139 N. W. 325. The order appealed from is affirmed in each case, with costs.