## FISHER V. HARBER, *et al.*

1. APPEAL: RETURN. The failure of a justice to return a transcript to the clerk of the District Court, at least five days before the commencement of the next term, when the appeal was allowed ten days before such term, does not authorize an affirmance of the judgment on the motion of the appellee.

2. SAME: SPECIAL. The affirmance of a judgment of a justice of the peace at a special term of the District Court, before the first regular term after the appeal was taken, is irregular and should be reversed.

### *Appeal from Mahaska District Court.*

### FRIDAY, JANUARY 13.

SUIT in justice's court, and judgment for the defendant. The plaintiff appealed to the District Court. The judgment was rendered on the 10th of May, 1859. The next term of the District Court, (which appellant alleges was a special term,) was commenced on the 5th day of July, 1859, and was adjourned to the 10th of August of the same year. On the 6th August, the transcript was filed in the office of the clerk of the District Court. On the 17th of the same month the judgment of the justice was affirmed, on the motion of the appellee, because the transcript was not filed five days before the first term of the District Court after the appeal was taken. Plaintiff appeals.

*Z. T. Fisher* pro se, relied upon *Whitcomb* v. *Holloway*, 4 G. Greene 311, and *Holloway* v. *Baker*, 6 Iowa 52.

No appearance for the appellee.

STOCKTON, J.—The District Court affirmed the judgment of the justice for the reasons, as stated in the bill of exceptions, that the return of the justice was not made to the District Court, five days before the next term after the judgment was rendered by him. See Code, section 2340.

We think this judgment must be reversed. Where the appeal is allowed ten days before a term of the District

Court, it is the duty of the justice to make his return to the office of the clerk of the District Court, at least five days before the term.  For the failure of the justice to make this return in the time prescribed, the statute affixes no such penalty as that the judgment shall be affirmed.  The default of the justice may occur without any want of diligence on the part of the appellant, and he should not be made to suffer for the failure of the justice to discharge his duty.  It is alleged by the appellant that the judgment of the justice was affirmed at a special term of the District Court, held in July, 1859, when by law the return of the justice was only required to be made five days before the next regular term of said court in September following.  The record does not show conclusively, to our mind, that the judgment was affirmed at a special term.  If it was so affirmed at a special term of the court intervening between the date of the judgment and the next regular term in September, we think such proceeding was irregular and the judgment should be reversed for that reason.  For the error, however, in affirming the judgment of the justice because his return was not made five days before the term, the judgment is reversed.

Judgment reversed.