## GOODRICH v. PETERSON.

APPEAL AND ERROR—APPEAL FROM JUSTICE OF THE PEACE—DISMISSAL.

1. The failure of a Justice of the Peace to transmit his transcript and the papers in the case to the Clerk of the District Court within five days after notice of appeal and filing of the bond, as required by the statute, does not authorize the District Court to dismiss the appeal.

[Decided December 14, 1903.]                    (74 Pac., 497.)

ERROR to the District Court, Fremont County, HON. CHARLES W. BRAMEL, Judge.

Dell Goodrich appealed to the District Court from a judgment rendered against him in favor of Anna Peterson by a Justice of the Peace. The District Court dismissed the appeal, on motion, for the failure of the justice to transmit a transcript of his docket entries and the papers in the case to the Clerk of the District Court within five days after notice of the appeal and the filing of the bond. The appellant prosecuted error.

*E. H. Fourt,* for plaintiff in error.

The statute requires the Justice of the Peace to make a certified copy of or transcript of all his docket entries and the costs, and within five days transmit them, with the papers, to the Clerk of the District Court. That provision is the only one which was not literally complied with. (R. S., 1899, Sec. 4399.)

Whether this error occurred in the District Court or whether the Justice of the Peace neglected to send up the transcript and papers, the record does not disclose. Certain it is that the irregularity complained of and upon which the defendant in error relied for her motion to dismiss the appeal, is not the fault of the plaintiff in error. It is well settled that an appeal should not be dismissed for any delay or irregularity which is not the fault of the appellant. (Benn v. Challis, 38 Pac., 1039; Swenson v. Ins. Co., 4 Colo., 475; Geddes v. Rice, 24 O. St., 60; Long v. Hitchcock, 3 O., 274.)

The record shows that the parties appeared in open court and that the case was set for trial without objection, before the motion to dismiss the appeal was filed. The motion to dismiss was, therefore, too late. (Gustin v. Jose, 38 Pac., 1008; R. R. Co. v. Quinn, 24 Kan., 370.)

It is fair to presume that the Clerk filed and docketed the case when it was received, and had he not done so the court would have compelled him to do so upon motion. It hardly seems possible that, under any construction of our statute, a case can be dismissed for failure of the justice to perform a ministerial duty in sending up the transcript. Indeed, the Legislature has made provision for just such a case and has given the District Court power to compel him to do so, by rule and attachment. (Sec. 4410, R. S. Wyo.)

Had the Justice of the Peace failed or refused to transmit the appeal, this statute would have applied, and had the District Court failed to compel him, there being no other reason for not doing so than that the language of the statute is in form permissive or directory, it would have been unavailing, the rights of innocent parties being involved. (Suth. Stat. Const., Secs. 459-462.)

No appearance for defendant in error.

CORN, CHIEF JUSTICE.

Plaintiff in error took an appeal in this case from a judgment of a Justice of the Peace to the District Court. The appellee moved the District Court to dismiss the appeal upon the two grounds that the justice did not allow the appeal within five days after the notice and filing of the appeal bond, and that he did not transmit his transcript and the papers in the case within five days to the Clerk of the District Court. The motion was sustained and the appeal dismissed.

The statute provides that any person desiring to appeal from a judgment of a Justice of the Peace shall, within fifteen days after the rendition of the judgment, file with the justice a notice of such desire and either pay the ac-

crued costs or give bond for their payment in case judg-
ment shall be rendered against him in the District Court.
The justice is then required within five days after the filing
of such bond and notice to allow the appeal, and also within
such five days to transmit a transcript of his docket entries,
together with all the papers in the case, to the Clerk of
the District Court.

It appears from the transcript that, on the same day the
judgment was rendered, the appellant filed his notice of
appeal and also his bond, which was approved by the jus-
tice, and that the justice thereupon allowed the appeal.
There was, therefore, no merit whatever in the first ground
stated in the motion.

But it appears by the file mark of the Clerk of the Dis-
trict Court that the transcript and other papers were filed
with him on May 31st, more than five days after appellant
filed his bond and notice of appeal. On May 20th, which
was within the limited five days, appellant had paid to
the Clerk his fees for docketing the appeal and for the
issuance and service of a notice to the appellee that the
appeal was docketed, and such notice was issued and served
upon appellee's attorney, as permitted by statute, on June
1st, the day after the transcript was filed, as shown by the
file mark of the Clerk.

Did the fact that the justice failed to perform the duty
required of him by statute, to transmit his transcript and
the papers within five days, authorize the District Court to
dismiss the appeal? In reason and by the great weight of
authority, it did not. The transmittal is the duty of the
officer and not of the appellant. There is no reason why
he should be held responsible for its performance, and the
statute does not make him responsible. The statute does
not undertake to punish the appellant for the failure of the
officer to perform his duty, and there is no intimation in
any of its provisions that the penalty of such failure shall
be a dismissal of the appeal. In some states the statutes
require that the appellant shall, within a time specified, file

the transcript in the appellate court, and in such cases it has been held that the requirement is jurisdictional. (Carter v. Monnastes, 19 Ore., 538; Goodenow v. Stafford, 27 Vt., 37.) But those decisions have no application in a case like this. The appellant performed every requirement imposed upon him, and he cannot be held responsible for the failure of an officer whose acts he may be entirely unable to control within the time allowed by statute. And this conclusion is sustained by the great weight of authority. (Geddes v. Rice, 24 O. St., 60; Patty v. Miller, 5 Tex. Civ. Ap., 308; Robinson v. Medlock, 59 Ga., 599; Pearce v. Renfroe, 68 Ga., 194; Larcher v. Scott, 2 Ala., 40; Fisher v. Harber, 10 Ia., 293; 12 Ency. Pl. & Pr., 786.)

Moreover, another provision of the statute itself clearly and necessarily implies that a performance by the justice of the duty imposed upon him, within the time limited, is not jurisdictional. Section 4410, Revised Statutes, provides that, if he fail to allow an appeal, he may be compelled, by rule and attachment, to do so and to return the transcript and papers required to be returned by him. It will not be contended that a rule or attachment could properly issue until the justice had failed in his duty by suffering the time to elapse within which he ought have made his return. And having called into exercise the machinery of the statute to bring the proceedings before the District Court after the time prescribed, it would be absurd to then dismiss them for the reason that the time prescribed had elapsed. It is entirely evident that this is not the purpose of the statute.

The dismissal of the appeal was erroneous. The judgment will be reversed and the cause remanded, with instructions to the District Court to reinstate the same upon the docket for such further proceedings as may be proper.

KNIGHT, J., and POTTER, J., concur.