CHARLES DE FOE v. ZENITH COAL COMPANY.

Opinion filed May 19, 1905.

**Dismissal of Appeal from Justice Court — Failure to File Transcript.**

> 1. Section 6771a, Rev. Codes 1899, which provides that the district court may dismiss an appeal from justice court for failure on the part of the appellant to cause the transcript to be transmitted, does not make it the mandatory duty of the court to order a dismissal for that reason.

**Same — Prejudice by Delay.**

> 2. Where the transcript was filed before the motion to dismiss was granted, and the record affirmatively showed that the respondent had not been prejudiced by the delay, it was error to dismiss the appeal for failure to file the transcript in time.

Appeal from District Court, Stark county; *Winchester, J.*

Action by Charles De Foe against the Zenith Coal Company and E. A. Lane. Judgment for plaintiff, and defendant appeals.

Reversed.

*Campbell & Field,* for appellants.

An appeal will not be dismissed where there is no fault or laches on the part of the appellant, but the fault, if any, is with the justice. Jackson v. Haisley, 9 So. 648; Muller v. Humphreys, 14 S. W. 891; Union Pac. Ry. Co. v. Marston, 36 N. W. 153; Gifford v. R. R. Co., 20 Neb. 538; Hagadorn v. Wagoner, 96 N. W. 184; Aldrich v. Circuit Judge (Mich.) 14 N. W. 565; Holmes v. Yoke, 37 S. E. 545; E. B. Fargo & Co. v. Graves, 81 N. W. 291; J. H. Rothman Distilling Co. v. Kermis, 79 Mo. App. 111; Perkins v. Superior Court of Fresno County, 37 Pac. 780; Olson v. Shirley, 12 N. D. 106, 96 N. W. 297; Republican Valley R. R. Co. v. McPherson, 12 Neb. 480; Dobson v. Dobson, 7 Neb. 296.

Appellees had suffered no damage and the matter of dismissal was discretionary, and the discretion was not abused.

*McBride & Baker,* for respondents.

It was appellant's duty to see that transcript was as provided by law. F. B. Fargo & Co. v. Graves, 81 N. W. 291; Edminister v. Rathburn, 52 N. W. 263.

Notice of motion to dismiss was not required. No objection was made in district court by appellants, but they appeared and argued

the motion. Byington v. Saline Co., 37 Kan. 654; Serviss v. Mc-Donnell, 107 N. Y. 260, 14 N. E. 314; Chicago E. I. Ry. Co. v. People, 9 W. Rep. 741, 120 Ill. 667, 12 N. E. 207; Bedford v. Penny, 65 Mich. 667, 32 N. W. 888.

The statute requiring filing of transcript is directory. Territory v. McKey, 19 Pac. 395; Norden v. Jones, 33 Wis. 600; Demming v. Weston, 15 Wis. 236; Edminister v. Rathburn, supra; Bruins v. Downey, 45 Wis. 496; State v. Campbell, 5 Wash. 517; Drake v Camp, 45 N. J. Law, 230; People v. Elikis, 40 Cal. 642; Garrison v. Nelson, 30 Ark. 268; Hughes v. Wheat, 32 Ark. 292.

ENGERUD, J. Defendants appeal from a judgment of the district court dismissing an appeal to that court from a judgment of a justice of the peace.

On February 9, 1903, defendants appealed to the district court, on questions of law only, from a judgment rendered against them in justice court. It is conceded that the appeal was regular in all respects. On May 27, 1903, the district court was in session, and it was discovered that the justice's transcript had not yet been filed with the clerk of the district court. Thereupon the respondent, without notice, moved in open court for an order dismissing the appeal for want of prosecution. Action on that motion was deferred until next day. The following morning (May 28th) at 9 o'clock the transcript of the justice was filed with the clerk. In the afternoon of that day respondent again moved to dismiss the appeal on the ground that the transcript was not filed in time. The motion was granted.

The order was erroneous. The district court had acquired jurisdiction of the case by a regular appeal, and the transcript upon which the appeal was to be heard was before the court. So far as appears, the respondent had suffered no injury, inconvenience, or delay of hearing by the failure of the transcript to reach the clerk's office at an earlier date. Section 6771a, Rev. Codes 1899, provides, among other things, that the district court "may order a dismissal of the appeal if the same has not been duly perfected, or the record of the justice has not been transmitted and no application is made by the appellant for an order requiring the justice to certify and transmit the proceedings." It is clear that this section does not make it the mandatory duty of the district court to dismiss an appeal for delay in the transmission of the transcript. It simply vests a discretionary power in the court to dismiss

the appeal on that ground if the appellant shall have failed to take steps to compel the transmission of the transcript in case it has not been sent to the clerk within the required time. The discretion is to be exercised in the furtherance of justice. The record affirmatively shows that the respondent had suffered no prejudice by the delay, and, inasmuch as the transcript was filed before the motion was granted, it was unnecessary to apply for an order requiring its transmission. We think it was an abuse of discretion to dismiss the appeal under such circumstances.

The judgment is reversed, and the district court will reinstate the appeal. All concur.