(114 N. W. 313.)

---

JACOB HAESSLY v. HERMAN THATE.

Opinion filed Dec. 12, 1907.

**Justice of the Peace — Appeal — Transmission of Transcript — Dismissal.**

1. An appeal to the district court from a judgment of a justice of the peace having been duly taken and perfected by the service of a notice of appeal and undertaking, pursuant to Rev. Codes 1905, sections 8500, 8507, it was error to dismiss the same upon the ground that the justice had failed to transmit to the clerk his transcript as required by the latter section.

**Same — Order for Transmission — Transcript.**

2. Under the facts stated in the opinion, it was an abuse of discretion to deny appellant's motion for an order requiring the justice to transmit to the clerk a certified transcript as required by law.

Appeal from District Court, Cass county; *Pollock*, J.

Action by Jacob Haessly against Herman Thate. From a judgment of the district court dismissing an appeal from a judgment of a justice, defendant appeals.

Reversed, and appeal reinstated.

*Barnett & Richardson,* for appellant.

The district court's jurisdiction attaches upon filing bond on appeal from justice court with the clerk. Eldridge v. Knight, 11 N. D. 552, 93 N. W. 860; Petty v. Miller, 24 S. W. 330; Edminster v. Rathbun, 52 N. W. 263; McLaughlin v. Mitchell, 84 N. W. 777.

It is mandatory upon district court to order transmission of proper record. Burgess v. Court, 13 Pac. 166; Wilson v. Paxton, 52 Pac. 911; Stuber v. Rohlfs, 12 Pac. 830; 12 Enc. Pl. & Pr. 787-788; Allard v. Smith, 97 N. W. 510; State v. Superior Court, 37 Pac. 448; Jacobs v. Oren, 48 Pac. 431; Bruins v. Downey, 45 Wis. 496; Cour v. Cowdry, 54 N. W. 935; Demming v. Weston, 15 Wis. 236; Woods v. Oregon Short Line Ry., 81 Pac. 235.

*W. J. Courtney,* for respondent.

Where appellant fails to have transcript sent up, and no diligence is shown, court must dismiss. McLaughlin v. Michel, 84 N. W. 777; DeFoe v. Zenith Coal Co., 13 N. D. 236, 103 N. W. 747.

FISK, J. This is an appeal from a judgment of the district court dismissing an appeal to that court from a judgment of a justice of the peace. The record discloses that the action was tried in the justice court of one H. Heffron, a justice of the peace, and judgment rendered by such court on December 28, 1905, in plaintiff's favor. Within the time allowed by law an appeal was duly taken and perfected from such judgment to the district court by the service and filing of a notice of appeal and undertaking in all respects regular. Upon the service and filing of such notice of appeal and undertaking with the clerk he mailed to said justice a written notice as prescribed by law, requiring such justice to transmit the record in said case to such clerk. Thereafter, and on Febuary 7, 1907, the justice transmitted to the clerk the summons, complaint, and other papers in said action, and the same were filed in the clerk's office, but the justice neglected to transmit with his return any certificate authenticating such papers or any certified

copy of his docket as required by section 8507, Rev. Codes 1905, although the clerk's records contain an entry reciting the fact that on February 7th he filed transcript from the justice. No term of the district court was held at which the action could be tried until the January, 1907, term, at which the appeal was dismissed. When the case was reached for trial in its regular order upon the trial calendar for said term, plaintiff moved for its dismissal. The principal ground of such motion, and the one upon which the trial court granted the same, was the failure of the justice to transmit a certified transcript of his docket as required by law. We need not consider the other grounds, as they are not argued in respondent's brief, and hence will be deemed abandoned.

Before plaintiff's motion was acted upon by the court, defendant's counsel made a counter motion to the effect that an order be made requiring the justice forthwith to file a transcript of his proceedings in said action with the clerk. The latter motion was denied and the plaintiff's motion granted, and the correctness of these rulings are the sole questions before us on this appeal. Respondent's contention, in brief, is that it was appellant's duty, under the statute, to see at his peril that the justice performed his statutory duty of transmitting to the clerk a proper transcript of the proceedings, and to this end he was obliged, without unreasonable delay, to apply to the district court for an order compelling such justice to transmit the transcript aforesaid, and his failure in this respect entitled plaintiff to a dismissal of the appeal; or, in other words, his contention is that under the facts the trial court acted with a sound judicial discretion in granting plaintiff's motion. It is not claimed that appellant had any knowledge of the fact that said justice had neglected to transmit his official transcript to the clerk at any time prior to the date such motions were made, nor is it contended that the failure to have said transcript filed in any manner prejudiced plaintiff's rights prior to such time. We are unable to reach the conclusion arrived at by the learned trial court, for reasons which we will briefly state. We are of the opinion that, when appellant served and filed notice and undertaking on appeal, he did all that was incumbent upon him by statute to do in order to transfer the cause to the district court, and he had a right to assume that the justice would discharge his statutory duty. We are not called upon to say in this case what appellant's

duties might be if the facts disclosed that he was cognizant of the negligent discharge by the justice of his statutory duties; for so far as this record is concerned, the first intimation received by appellant of such neglect of duty by the justice was when respondent made his motion to dismiss the appeal, and appellant acted promptly thereafter by making his motion aforesaid. We are of the opinion that under the facts in this case the trial court should have granted appellant's motion, and that it was a clear abuse of discretion not to have done so. This being true, it was, of course, prejudicial error to dismiss the appeal.

Certain decisions from South Dakota are cited by respondent's counsel in support of the rulings of the trial court. We do not question the soundness of these decisions, but they were based upon a statute embraced in the compiled laws of the territory of Dakota, expressly providing for the dismissal of appeals under the facts disclosed here; hence are not in point, as will hereafter be noticed, as our statute was materially changed in the Revised Codes of 1895. Our attention is also called to the case of De Foe v. Zenith Coal Co., 14 N. D. 236, 103 N. W. 747, as supporting the ruling of the trial court. That case is clearly not in point, as we will readily see. It was there merely held that section 6771a, Rev. Codes 1899, being section 8501, Rev. Codes 1905, governing appeals on questions of law alone, "does not make it the mandatory duty of the district court to dismiss an appeal for delay in the tansmission of the transcript;" the court holding that whether the delay of appellant in applying for an order requiring the justice to certify and transmit the proceedings was a sufficient ground for a dismissal of the appeal was a matter within the exercise of a sound discretion by the district court. Under the facts in that case it was held an abuse of discretion to dismiss the appeal. It will be noticed that a marked distinction exists between section 8501, relating to appeals on questions of law, and section 8507, relating to appeals generally. The latter section is a portion of article 1 of chapter 6 of the Justice's Code, relating to appeals in civil cases, which was reported by the code commission and enacted in 1895, the enactment of which wrought a radical change in the law previously in force on that subject. No doubt one of the changes intended to be made by this new law was to do away with the former practice of dismissing appeals for failure of the justice to transmit his record. Such we understand to be the statute

law of this state at present, except as to appeals upon questions
of law alone. In 1897 the legislative assembly enacted what is
now section 8501, Rev. Codes 1905, which, as before stated, merely
relates to appeals upon questions of law alone, and, in so far
as such appeals are concerned, the former practice was partially
reinstated permitting a dismissal of the appeal where the record
of the justice has not been transmitted, and no application is made
by appellant for an order requiring the justice to certify and
transmit the same. Why this legislative distinction in the practice
upon this subject between appeals generally and appeals on law
questions merely is of no concern to us. The law being plain, it
is our duty to recognize and enforce such distinction.

It will be observed that there is a marked difference between the
provisions of section 8507 of our present Code and the statute as
it formerly existed in this state and as it now exists in South
Dakota. Under section 8507 it is made the duty of the justice with-
in ten days after notice to transmit the record, but there is no
duty cast upon the appellant to see that such record is transmitted,
and it nowhere provides that a failure to have the record trans-
mitted shall be a ground for dismissal of the appeal; while the for-
mer statute expressly provided "that, if the record was not filed
within 15 days from the time the appeal was perfected, the appeal
shall be dismissed upon notice." Under statutes similar to the
provisions of section 8507, the authorities hold that a failure of the
justice to transmit the record is not a ground for dismissal of the
appeal. 2 Current Law, 664; 12 Enc. Pl. & Pr. 787, 788, and nu-
merous cases cited. See, also, Goodrich v. Peterson, 12 Wyo. 214,
74 Pac. 498; Struber v. Rohlfs, 36 Kan. 202, 12 Pac. 830; Coates
v. Bryan (Tex. Civ. App.) 40 S. W. 748; Shepard v. Duke (Tex.
Civ. App.) 28 S. W. 567; Woods v. Railroad, 46 Or. 514, 81 Pac.
235. In Goodrich v. Peterson, supra, it was said: "Did the fact
that the justice failed to perform the duty required of him by
statute to transmit his transcript and the papers within five days
authorize the district court to dismiss the appeal? In reason and
by the great weight of authority, it did not. The transmittal is
the duty of the officer, and not of the appellant. There is no reason
why he should be held responsible for its performance, and the
statute does not make him responsible. The statute does not un-
dertake to punish the appellant for the failure of the officer to
perform his duty, and there is no intimation in any of its provisions

that the penalty of such failure shall be a dismissal of the appeal."

The judgment appealed from is accordingly reversed and the district court is directed to reinstate said appeal. All concur. (114 N. W. 311.)