· KATHRYN L. BRAINARD, Appellant, v. RAY M. WETZSTEIN, and EDWARDS BROTHERS COMPANY, a Corporation, Garnishee and Respondent.

(198 N. W. 114.)

**Justices of the peace — district court may require justice to certify his record; reinstatement of appeal by trial court discretionary.**

Where an appeal has been taken from an order of the district court which, in effect, vacates a previous order and judgment dismissing an appeal from a justice's court, and reinstates such appeal from the justice's court upon the trial calendar, it is held, for reasons stated in the opinion:

(a) That, upon the perfecting of an appeal from the justice's court, the trial court acquires jurisdiction and it is the duty of the justice then to certify his record, and in the event of his failure so to do the district court may compel him to so certify his record.

(b) That it was within the discretion of the trial court to reinstate the appeal so dismissed for any inadvertence or excusable neglect of the appellant upon proper showing made.

Opinion filed March 15, 1924.

Justices of the Peace, 35 C. J. § 499 p. 796 n. 46; § 521 p. 810 n. 31.

In District Court, Stark County, *Pugh,* J.

Plaintiff has appealed from an order reinstating an appeal from a justice's court.

Affirmed.

*G. R. Brainard,* for appellant.

The district court was without jurisdiction to entertain the garnishee's motion because:—

(a) No suit was then pending, it having ceased. 28 Cyc. 4, 5 b, 11. Perry v. Kasper, 85 N. W. 22.

(b) Leave to submit the motion had not first been had and obtained. Clopton v. Clopton, 10 N. D. 569, 88 N. W. 562; 28 Cyc. 18, A.

Where a new motion is made upon the same state of facts as those presented on a previous motion, that the hearing of such new motion is discretionary with the court, and leave must be obtained to hear the same. Clopton v. Clopton, 10 N. D. 573, 88 N. W. 564.

Even an irregular judgment must be dealt with as a valid judgment until vacated by direct proceedings. Martinson v. Marzolf, 14 N. D. 307, 103 N. W. 939; Salter v. Hilgen, 40 Wis. 363; Olson v. Mattison, 16 N. D. 231, 112 N. W. 994; 23 Cyc. 866.

The remedy by motion, however, is available only in case of irregular judgments, and cannot be resorted to as a means of enabling the trial court to review, revise, or correct errors of law into which it may have fallen. State v. Donavan, 10 N. D. 203, 86 N. W. 709.

No decision has been called to our attention holding that a court has power to enter a judgment of dismissal in an action after judgment has been rendered and entered therein, without first vacating and setting aside the judgment in some legal and proper manner, and we think no such case can be found. Todd v. Todd, 7 S. D. 174, 63 N. W. 777.

The parties being out of court for every purpose other than to carry said judgment into effect, or to move to vacate or modify the same, the court was without jurisdiction to enter the judgment of November 17th, and the order vacating the same cannot be disturbed. Connor v. Knott, 10 S. D. 388, 73 N. W. 264.

An order for judgment can only be reviewed on appeal from the judgment. Re Webber, 4 N. D. 119, 59 N. W. 523; 23 Cyc. 1055, 1062, 1063; Paulson v. Nichols & Sheppard, 8 N. D. 606, 80 N. W. 765; Nichols & Sheppard v. Paulson, 10 N. D. 440, 87 N. W. 977;

First Nat. Bank v. Laughlin, 4 N. D. 402, 61 N. W. 473.

A court having jurisdiction of the subject matter of an action has jurisdiction to commit error. In other words the erroneous action of the court having jurisdiction in a matter of practice or procedure is an irregularity that can usually be remedied only by appeal. Borden v. Graves, 20 N. D. 225, 127 N. W. 104.

The order dismissing the appeal was reviewable only upon appeal from the judgment entered thereupon, and the garnishee was not, therefore, entitled to any relief whatsoever under its motion. Re Eaton, 7 N. D. 269, 74 N. W. 870 ; Re Webber, 4 N. D. 119, 59 N. W. 523.

To permit an attorney to make an affidavit of merit some excuse for the failure of the party to make it must be shown therein. See Kirschner v. Kirschner, 7 N. D. 292, 75 N. W. 251.

Some one familiar with the case should on positive knowledge disclose the facts of the defense to the court. 15 R. C. L. 718, § 170.

Statutes providing relief on the ground of mistake do not authorize the court at a subsequent term to set aside a judgment duly rendered for mere errors of law committed by the court. 15 R. C. L. 710, § 160.

The only mistake for which relief will be granted is a mistake of fact and not a mistake of law. 15 R. C. L. 753.

*Sullivan, Hanley & Sullivan,* for respondent.

It is true that this motion was not labeled a motion to set aside the judgment and to reinstate the appeal, but we deem this of no consequence, as in such cases the courts have entertained motions which have had the effect of setting aside the judgment and order of dismissal and reinstating the appeal, though not in so many words asking for such relief. Keehl v. Schaller (S. D.) 46 N. W. 934; Aldrich v. Circuit Judge (Mich.) 14 N. W. 565; Miller v. Bryson (Iowa) 152 N. W. 568; Loche v. Osbourne McMillan Mill. Co. 82 N. W. 1084.

In the case at bar, the garnishee brought himself squarely within the rules laid down in Hassly v. Thate, 16 N. D. 403, 114 N. W. 311; Saunders v. Harris, 24 N. D. 236, 139 N. W. 325; Keehl v. Schaller, 46 N. W. 934; Myers v. Mitchell, 46 N. W. 245.

The right to reinstate the appeal, notwithstanding the fact that a judgment has been entered dismissing the action is generally recognized. 24 Cyc. 716, F.

But the rule is, that where a judgment is irregularly entered, the court in which judgment was rendered, may vacate it on motion at the same or subsequent term, on proof that it was entered irregularly and not according to the course of the court. 1 Black, Judgm. § 326; Haessly v. Thate, 16 N. D. 403, 143 N. W. 311.

Where a judgment has been entered by default and the time the appli 'on is made to set aside the default and permit an answer on the merits to be filed, and such answer discloses upon its face, a good and meritorious defense, as a general rule, if there be any reasonable doubt in the matter, it will be resolved in favor of granting the application and allowing a trial upon the merits of the case, and on an appeal from the order granting such an application, every reasonable presumption will be indulged in in its favor. 15 R. C. L. § 175, pp. 721, 722.

Reinstatement of the appeal rests in the discretion of the appellate court and is granted usually when a satisfactory reason appears. 18 Standard Proc. p. 304.

In the case of Stone v. Halpin (Wis.) 53 N. W. 691, on an appeal from a justice, the appeal was dismissed. Afterwards a motion was made to reinstate the appeal and set aside the order dismissing the action. The court granted the motion to reinstate, in affirming this the supreme court of Wisconsin said: "It is by no means certain that the court could not have reinstated the appeal within one year," under § 3832 Revised Statutes.

Although after judgment has been entered upon a verdict, such judgment strictly should be set aside before a new trial is had, yet if on motion the verdict is set aside, and a new trial granted and had, the judgment will be deemed to be set aside. 1 Black, Judgm. § 304.

Opening a judgment, it will be observed, is a different thing from vacating it, the former lets in a defense to the suit, while the latter annuls the judgment; and generally a judgment cannot be stricken off unless it is entirely null and void. 23 Cyc. 2, p. 697.

The order dismissing an appeal from a justice is a final order and was appealable and therefore was not merged in the judgment of dismissal. Finley v. Prescott, 80 N. W. 930.

A motion to vacate or set aside a judgment is a direct and not a collateral attack. 15 R. C. L. § 168, note 6, p. 17.

But the rules by which it is to be determined, are sometimes those

applicable to direct, and at other times those applicable to collateral, attacks. 15 R. C. L. § 168, p. 717, note 8.

The appellant also claims that where the application for an order is made on certain grounds, and asks for certain relief, grounds not named will be excluded and the relief will be confined to that asked for. First Nat. Bank v. Laughlin, 4 N. D. 402, 61 N. W. 473.

An appeal to the district court from a judgment of the justice of the peace having been duly taken and perfected by the service of a notice of appeal and undertaking, pursuant to Revised Codes 1905, §§ 8500–8507 (Comp. Laws 1913, §§ 9163, 9170) it was error to dismiss the same upon the ground that the justice had failed to transmit to the clerk, his transcript as required by the latter section. Haessly v. Thate, 16 N. D. 403.

PER CURIAM. Plaintiff has appealed from an order of the district court reinstating an appeal from the justice's court. The facts are: Plaintiff instituted an action in the justice's court to recover upon an indebtedness of about $150. Defendant defaulted. A garnishee in the action appeared and filed an affidavit denying liability. Plaintiff took issue with the garnishee. The garnishee proceeding was continued for a day certain in justice's court. Upon the day of trial the garnishee did not appear; whereupon the justice rendered judgment against the garnishee. This garnishee appealed to the district court from the judgment in garnishment and demanded a trial de novo in the district court. When the cause was on the calendar of the district court, plaintiff, in November, 1922, filed an affidavit of prejudice against one of the district judges and this court, pursuant to the statute, designated another district judge to hear the cause. The cause went over until the January, 1923 term. Then, it was continued until the February, 1923 term. At that term the cause was set for trial on February 23d, 1923. Then it was discovered that the justice of the peace had not certified his record to the district court. Then the trial court dismissed the appeal for the reason that the justice's record had not been sent up and that more than eight months had elapsed since the appeal was filed without any showing that the statutory fee for sending up the record had been paid the justice of the peace. (The record before this court does not disclose any motion made by plaintiff for such dismissal.)

Pursuant to this order, a judgment was entered dismissing the appeal together with costs. Within a few days thereafter, the garnishee, the defendant herein, made a motion to set aside the order of the trial court for the reason that the garnishee had been afforded no opportunity to procure the files and records from the justice's court and that no notice of motion of dismissal had been served upon them prior to the time of making the motion in district court. This motion was supplemented by an affidavit to the effect that the garnishee's attorney had no knowledge that the record of the justice had not been certified and that if the trial court had given him an opportunity to procure the record from the justice it could have been procured within an hour. This motion was heard before the district court in April, 1923. At that time the garnishee, pursuant to a showing made by letter, had ordered the record to be sent by the justice and had paid to him his fee therefor. The trial court, on July 18th, 1923, ordered, pursuant to the motion made, that the action be reinstated, be placed upon the calendar of the court at the next term, and be tried anew. Plaintiff has appealed from this order. He contends that the motion made was to vacate an order which had already been merged into the judgment; that, hence, the motion was ineffectual. Further, that the trial court had no authority to vacate the judgment or to reinstate the appeal for the reason that this simply permitted the trial court to review merely an error of law. Upon the record we are of the opinion that the contentions made are without merit. When the garnishee perfected his appeal by filing proper papers therefor with the clerk, the district court was possessed of jurisdiction over the cause. It was then the duty of the justice, after notice from the clerk, to certify his record as required by statute. Comp. Laws 1913, § 9170. See also 3548, Comp. Laws 1913; Haessly v. Thate, 16 N. D. 403, 114 N. W. 311. In this record it does not appear up to the time when the trial court dismissed the appeal that the failure of the justice to certify the record was on account of nonpayment of any fees or by reason of any demand made therefor. Further, it does not appear that up to that time any of the parties were aware that the record had not been certified by the justice. Upon the facts at the time of such dismissal it was proper for the trial court to make its order requiring the justice to transmit the record unless the omission of, or the negligence of the garnishee obviated the requirement

and necessitated a dismissal. See Haessly v. Thate, supra; Saunders v. Harris, 24 N. D. 236, 139 N. W. 325. Under the circumstances the garnishee was entitled to make a showing concerning his inadvertence or excusable neglect and in our opinion it was within the discretion of the trial court to reinstate the appeal. Comp. Laws 1913, § 7483. He did make a showing sufficient to invite the discretion of the trial court. Upon the facts the motion made may well be considered a motion to reinstate the appeal and we are not inclined to disturb the discretion of the trial court simply because appellant's motion was not drawn in technical language as a motion for a reinstatement of the appeal. In this procedural matter, it is well to observe the rule that substance is more to be regarded than form, particularly when its application aids in the administration expeditiously and prejudices no real rights of the parties. The order is affirmed with costs.

BRONSON, Ch. J., and CHRISTIANSON, BIRDZELL, NUESSLE, and JOHNSON, JJ., concur.