# HORSE CREEK CONSERVATION DISTRICT v. LINCOLN LAND COMPANY

(No. 1983; July 21, 1936; 59 Pac. (2d) 763)

For the plaintiff and appellant there was a brief and oral argument by *J. A. Greenwood* of Cheyenne.

For the defendant and respondent, there was a brief by *John C. Pickett* of Cheyenne, Wyoming, and *Mothersead & York* of Scottsbluff, Nebraska, and oral arguments by *Messrs. Pickett* and *York*.

KIMBALL, Chief Justice.

This is a proceeding under sections 122-422 to 122-427, R. S. 1931, to bring about a declaration of abandonment of a water right for lands in Goshen County.

Section 122-421 declares that a water right shall be limited and restricted to so much thereof as may be necessarily used, irrespective of the carrying capacity of the ditch, and that all the balance of the water not so appropriated shall be allowed to run in the stream, and shall not be considered as having been appropriated; and in case the owner of any irrigation works shall fail to use the water therefrom for beneficial purposes during any five successive years, he shall be considered as having abandoned the same, and shall forfeit all water rights, easements and privileges appurtenant thereto, and the water formerly appropriated may be again appropriated the same as if the irrigation works had never been constructed. When, pursuant to section 122-421, any interested water user desires to bring about a legal declaration of abandonment of existing water rights, he shall present his case in writing to the board of control. "The board, after giving the case full consideration, shall, if the facts are sufficient to so justify, refer the matter to the division superintendent of the division where such abandonment is claimed to have occurred." Sec. 122-422. When the case is so referred, the division superintendent, after giving notice to the interested parties, called contestant and contestee, takes evidence which is reduced to writing and transmitted to the board of control together with the superintendent's written report "setting forth the procedure followed by him and

the results accomplished thereby." Sections 122-423 to 122-425. When the evidence and the superintendent's report are received by the board of control a day is fixed "when the case shall be finally heard before the board." Notice is given to the parties who may appear and submit further evidence. "After the board has become fully informed, it shall enter an order as to its findings, either declaring the right in question abandoned, or decline so to do, as the facts presented to the board may justify." Sec. 122-426.

The appellant, as contestant, in April, 1933, under the above statutes, began this proceeding to obtain a declaration of abandonment of a water right claimed by respondent. Hearings, at which the respondent, as contestee, was present, were had before the division superintendent and the board of control, and thereafter, on April 30, 1934, the board entered an order declaring the contestee's water right abandoned. The regularity of the proceedings to that point is not questioned.

Section 122-427 provides:

"Whenever the board has declared any water right abandoned, * * * it shall cause within sixty days thereafter a certified copy of such declaration or decision to be filed in the office of the clerk of the district court of the county within which such right is situated, * * *. It shall thereupon cause to be issued out of such court, a notice of summons directed to the owner or owners of such right so declared abandoned, * * * directing that the owner or owners mentioned in said summons shall file any objections he may have in said court within the time in which he would have had to answer in case of summons in civil action. Any person desiring to object in any way to such decision of the board of control shall file, within the time within which he is required to answer, his objections to such decision. Summons or notices herein mentioned shall be served and governed by the rules relating to service of summons in civil actions in said court. If no objections are filed to such decision of the board of control

within the time provided for answer or objection, the judge of the district court shall as soon as practicable thereafter, enter a judgment or order affirming in all respects, the decision of the board of control in regard to the abandonment of such water rights and in such case the state board of control shall pay the costs; but if objection be filed the contestants in the action before the state board of control shall become the plaintiffs in such action and the objector or objectors shall become the defendant or defendants, and the issue tried shall be whether or not such water rights have in fact been abandoned, and the court may order such pleadings made up or filed as may be necessary in the case. Any other person interested may be made a party, upon application, in the same manner in which persons may intervene in other actions. The attorney general of the state may appear on behalf of the state board of control in any such litigation, and the case shall be tried and determined in all respects by the rules governing civil actions in such courts, in so far as such rules may be applicable, and appeals may be had as in other civil actions to the supreme court of the state."

Under this section it was the duty of the board of control to cause a certified copy of its declaration of abandonment to be filed with the clerk of the district court within 60 days after April 20, 1934, when the declaration was made. The certified copy was not filed until July 9, 1934, 80 days after the declaration was made. It is not contended that the delay was the fault of either the contestant or contestee, and we assume that it was the fault of some one in the office of the board. In argument it was stated without contradiction that the cause of the delay was a mistake in at first sending the certified copy to the clerk of court of a wrong county.

After the certified copy of the board's declaration of abandonment had been filed in the district court of Goshen County, the contestee, in response to summons or notice, appeared specially and moved to dismiss the proceeding, contending that under section 122-427,

supra, the district court had no jurisdiction to review the order unless the certified copy thereof was filed within the statutory 60-day period. The district court granted the motion, and the contestant appeals.

The question for decision is whether the statute (§ 122-427, supra) which requires the board to cause a copy of its declaration of abandonment to be filed in the district court within 60 days is mandatory in that it means that a filing within the stated time is necessary to give the district court jurisdiction to review the board's order.

The statute must be construed in light of the principle stated in Allen v. Lewis, 26 Wyo. 85, 97, 177 Pac. 433, thus: "An affirmative statutory provision relating to the time or manner of performing official acts unlimited or unqualified by negative words is generally considered as directory rather than mandatory, though it is a question of intention, to be ascertained from a consideration of the entire act, its nature and object, and the consequences that might result from construing it one way or another." In Lewis' Sutherland on Statutory Construction (2d ed.) § 612, it is said that the cases universally hold that "a statute specifying a time within which a public officer is to perform an official act regarding the rights and duties of others is directory, unless the nature of the act to be performed, or the phraseology of the statute, is such that the designation of time must be considered as a limitation of the power of the officer." See, also Goodrich v. Peterson, 12 Wyo. 214, 74 Pac. 497; State v. Bolln, 10 Wyo. 439, 473-475, 70 Pac. 1; Bunten v. Rock Springs Grazing Ass'n., 29 Wyo. 461, 495, 215 Pac. 244; McClintock v. Ayers, 34 Wyo. 476, 488, 491, 245 Pac. 298; Samuelson v. Tribune Publishing Co., 41 Wyo. 487, 491, 287 Pac. 83.

Section 122-427 is an amendment (sec. 2, ch. 42, Laws of 1925) of a previous amendment (ch. 114,

Laws of 1917) of section 6 of the original act (ch. 106, Laws of 1913) prescribing the procedure for declaring abandonment of a water right. Section 6 of the original act provided for appeals to the district court from decisions of the board of control. The legislatures that amended the section evidently thought that every declaration of abandonment by the board should be brought to the district court, and prescribed a somewhat anomalous proceeding for that purpose. It may be noted in passing that in Wyoming Hereford Ranch v. Hammond Packing Company, 33 Wyo. 14, 27, 236 Pac. 764, in considering the contention that the act of 1913 provided an exclusive procedure for determining the question of abandonment of a water right, we said that in certain cases the decisions of the board of control would be final, "subject to the right of appeal." This statement was on a point not involved in that case, and we evidently failed to notice that section 6 of the original act of 1913, providing for appeals from the board's orders, had been amended by an act that requires a review of every declaration of abandonment. See Van Tassel etc. Co. v. City of Cheyenne, (Wyo.) 54 P. (2d) 906, 912.

The legislature in amending the provision which provided for an appeal by the aggrieved party, and establishing a procedure intended to insure a review in the district court of every order of the board declaring an abandonment, required the filing in court of a copy of the order. This act lodges the proceeding in the reviewing tribunal. The duty of performing it is placed on the board, a constitutional and continuing body which has "supervision of the waters of the state and of their appropriation, distribution and diversion," subject to review by the courts. Const., Art. 8, Sec. 2. The contestant and contestee in the proceedings before the division superintendent and the board of control may have important rights depending on the district

court's action in its review of the board's order. The State itself, as the owner of the water, may also have an interest that the statute seems to recognize by providing that the attorney general may appear on behalf of the board in the district court. The board is charged with the duty not only of filing a copy of its order in the court, but also of causing the notice or summons to issue. The contestee, the party injuriously affected by the action of the board, is not required to participate in the proceedings for review in the district court until after the copy of the order is filed and he is served with process. The contestant is not required to become an actor in the district court unless objections to the board's order are filed. If no objections are filed, a judgment of affirmance follows apparently as a matter of course.

We have no doubt that Section 122-427 is mandatory in requiring the board to file in court a copy of its order. The legislature did not contemplate that the board would fail to obey the mandate of the statute, and the consequences of a failure were not prescribed. A time for filing the copy was fixed by affirmative language that would naturally be chosen in providing for the orderly and proper dispatch of public business. The duty should be performed in the time specified in the law, but time is not of the essence of the act required to be done. The essential thing is the presentation of the order to the district court for review. This should not be avoided by the mistake or neglect of the board. We cannot hold that when the board fails to file a copy of its order in the time fixed by the statues, the consequence is a loss of the power of the board to file it and a want of jurisdiction of the court to review it. On the other hand, the board failing to file the copy within the time, ought, if necessary, to be required to do so by mandamus. See Hugg v. Camden, 39 N. J. L. 620, 623.

The contestee cites cases holding that where a statute gives a right of action that did not exist at common law and fixes the time within which the right must be asserted, the time fixed is a limitation or condition attached to the right, and the statute must be strictly complied with. See Martini v. Kemmerer Coal Co., 38 Wyo. 172, 178, 265 Pac. 707, and cases cited. We do not think these cases are in point. They consider the effect of the failure of a claimant to do something within a limited time fixed by the statute. The proceeding in question in this case was commenced and prosecuted before the board of control in strict accordance with the statute. If we try to apply the rule of such cases to the proceeding now in question, we find that neither the contestant nor the contestee was charged with any duty in continuing the proceeding in the district court. We think the authorities support the view that even in proceedings unknown to the common law, a statute which imposes on a public officer a duty to be performed within a fixed time should be construed as directory as to the time of performance, if that is necessary to carry out the purpose of the statute. Geddes v. Rice, 24 Oh. St. 60; State ex rel. v. Barnell, 109 Oh. St. 246, 142 N. E. 611; Schick v. City of Cincinnati, 116 Oh. St. 16, 155 N. E. 555; Quirk v. Diana Mines Co., 34 Ida. 30, 198 Pac. 672; Spencer's Appeal, 78 Conn. 301, 61 Atl. 1010; Matter of Broadway Widening, 63 Barb. 572; Wood v. Chapin, 13 N. Y. 509, 521, 525.

We are cited to cases from other jurisdictions holding that a Justice of the Peace has no power to enter a judgment after the expiration of the time fixed by statutes similar to our section 62-904. The point was referred to, but not decided, in Farmers' State Bank v. Johnson, 36 Wyo. 191, 201, 253 Pac. 858. The reasons given for holding such statutes mandatory as to time (see Watson v. Davis, 19 Wend. 371; American

Type Founders Co. v. Justice Court [dissenting opinion on motion for rehearing], 133 Calif. 319, 65 Pac. 742, 978, Sluga v. Walker, 9 N. D. 108, 81 N. W. 282) are not persuasive when applied to the statute now in question. See Goodrich v. Peterson, supra, and cases there cited.

It is suggested that the board of control in filing in court the copy of its declaration of abandonment, exercises a power similar to that exercised by arbitrators in returning their award. Bent v. Erie Tel. & Tel. Co., 144 Mass. 165, 10 N. E. 778, and Abrams v. Brennan, 2 Calif. App. 237, 84 Pac. 363, are cited as authorities holding that an award must be made and filed within the time fixed by the agreement of the parties or by the statute which becomes a part of the agreement. There may be some doubt whether the failure of arbitrators to perform the ministerial act of filing their award should deprive the court of jurisdiction (see Boone v. Reynolds, 1 Serg. & R. 231; Batten v. Patrick, 123 Mich. 203, 81 N. W. 1081; Bolhuis Lbr. & Mfg. Co. v. Brower, 252 Mich. 562, 233 N. W. 415), but if we were sure that the mere failure to file an award in the time fixed therefor would invalidate an award made in time, we should not feel inclined to apply the principle to the case at bar. Arbitrators are not public officers. An arbitration rests on agreement of the parties who have the right to stand on the precise terms of their contract. See Goerke Kirch Co. v. Goerke Kirch Holding Co., 118 N. J. Eq. 1, 176 Atl. 902; Williston on Contracts, § 1929.

It may be thought that the filing in court of the copy of the board's order is an act similar to the filing of the report of a referee. See Pacific Livestock Co. v. Lewis, 241 U. S. 440, 451. If we accept this analogy, our decision finds support in cases holding that the mere ministerial act of filing a referee's report may be performed after the time fixed by statute. James v.

West, 67 Oh. St. 28, 44, 65 N. E. 156; Matter of Empire City Bank, 18 N. Y. 199, 220; Creedon v. Patrick, 3 Nebr. (Unrep.) 459, 91 N. W. 872; Perkins v. Roberts County, 27 S. D. 281, 130 N. W. 443, 34 L. R. A. (N. S.) 581.

The order appealed from will be reversed, and the case remanded for further proceedings.

BLUME and RINER, J. J., concur.